IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| RICK'S MUSHROOM SERVICE, INC. | |
| Plaintiff, | |
| v. | No. 06-255C<br>(Judge Christine O.C. Miller) |
| THE UNITED STATES, | |
| Defendant. | |

**DEFENDANT'S MOTION TO DISMISS**
**FOR LACK OF SUBJECT MATTER JURISDICTION AND**
**FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

KATHRYN A. BLEECKER
Assistant Director

JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L St., N.W., 8th floor
Washington, D.C. 20530
Tel: (202) 616-0341
Fax: (202) 514-8624
E-mail: joan.stentiford-ulmer@usdoj.gov

Attorneys for Defendant

OF COUNSEL:

TROY B. MOUER
Attorney
Office of the General Counsel
U.S. Department of Agriculture
P.O. Box 1134
Harrisburg, Pennsylvania 17108

July 31, 2006

I. Nature Of Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. Statement Of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

I. The Court of Federal Claims Is A Court of Limited Jurisdiction . . . . 5

II. Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

III. This Court Lacks Subject Matter Jurisdiction Over This Suit . . . . . . . 8

A. Plaintiff Has Failed To Meet The Express Statutory Requirement That It Exhaust Its Administrative Remedies Before Filing Suit In Federal Court . . . . . . . . . . . . . . . . . . . . 8

B. The Contract Between Plaintiff and NRCS Does Not Mandate Money Damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

IV. Plaintiff's Claim for Equitable Indemnification Is Based on a Contract Implied-In-Law Over Which This Court Lacks Jurisdiction . . . . . . . 13

V. Plaintiff's Claim for Professional Negligence Sounds in Tort and This Court Does Not Possess Jurisdiction Over Tort Claims . . . . . 17

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

## TABLE OF AUTHORITIES

### CASES

In re 2000 Sugar Beet Crop Ins. Litigation,
228 F. Supp. 2d 999 (D. Minn. 2002)....................................................10

Aetna Casualty & Surety Company v. United States,
228 Ct. Cl. 146,
655 F.2d 1047 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Alder Terrace, Inc. v. United States,
161 F.3d 1372 (Fed. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

American Growers Inc. Co. v. Federal Crop Ins. Corp,
210 F. Supp. 2d 1088 (S.D. IA 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

Bastek v. Federal Crop Ins. Corp.,
145 F.3d 90 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10, 11, 12

City of Cincinnati v. United States,
153 F.3d 1375 (Fed. Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

City of El Centro v. United States,
922 F.2d 816 (Fed. Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

Conley v. Gibson,
355 U.S. 41 (1957). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Conti v. United States,
291 F.3d 1334 (Fed. Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Deaf Smith County Grain Processor, Inc. v. Glickman,
162 F.3d 1206 (D.C. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12

Dynaelectron Corp. v. United States,
4 Cl. Ct. 424, aff'd. mem.,
758 F.2d 665 (Fed. Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Eastport Steamship Corp. v. United States,
372 F.2d at 1008 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Farmers Alliance Mut. Ins. Co. v. FCIC,
2001 WL 30443 (D. Kan., Jan. 3, 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Farmers & Merchants Bank of Eatonton, Georgia v. United States,
43 Fed. Cl. 38 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Gleichman v. United States Department of Agriculture,
896 F. Supp. 42 (D. Me. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

Gold Dollar Warehouse, Inc. v. Glickman,
211 F.3d 93 (4th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

Hamlet v. United States,
63 F.3d 1097 (Fed. Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Hanlin v. United States,
50 Fed. Cl. 697 (Fed. Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Hercules, Inc. v. United States,
516 U.S. 417 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Houston v. United States,
60 Fed. Cl. 507 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

James v. Caldera,
159 F.3d 573 (Fed. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Kania v. United States,
650 F.2d 264 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

Keene Corporation v. United States,
508 U.S. 200 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Khan v. United States,
201 F.3d 1375 (Fed. Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

Kleissler v. United States Forest Service,
183 F.3d 196 (3d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

Martinez v. United States,
333 F.3d 1295 (Fed. Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

McKart v. United States,
395 U.S. 185 (1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

McNutt v. General Motors Acceptance Corp.,
298 U.S. 178 (1936) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

Mexican Intermodal Equipment, S.A. de C.V. United States,
61 Fed. Cl. 55 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Miller v. United States,
67 Fed. Cl. 195 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Murray v. United States,
817 F.2d at 1582-1583 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .17

New York Life Ins. Co. v. United States,
190 F.3d 1372 (Fed. Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Perez v. United States,
156 F.3d 1366 (Fed. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Philadelphia Electric Co. v. Hercules, Inc.,
762 F.2d 303 (3rd Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Rain & Hail Ins. Service v. Federal Crop Insurance Corp.,
229 F. Supp. 2d 710 (S.D. Tex 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

Reynolds v. Army and Air Force Exchange Service,
846 F.2d 746 (Fed. Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Russell Corp. v. United States,
210 Ct. Cl. 596,
537 F.2d 474 (1976), cert. denied,
429 U.S. 1073 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Scheuer v. Rhodes,
416 U.S. 232 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

Southfork Sys., Inc. v. United States,
141 F.3d 1124 (Fed. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Tchakarski v. United States,
69 Fed. Cl. 218 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18

United States v. Connolly,
716 F.2d 882 (Fed. Cir. 1983), cert. denied,
465 U.S. 1065 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

United States v. Mitchell,
445 U.S. at 538 (emphasis added) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

United States v. Sherwood,
312 U.S. 584 (1941) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

United States v. Testan,
424 U.S. 392 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6, 16, 17

Wilkes-Barre v. Kaminksi Brothers, Inc.,
804 A.2d 89 (Pa. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

Worthington v. United States,
168 F.3d 24 (Fed. Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 12

**STATUTES**

7 U.S.C. §§ 6901, 6962 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

7 U.S.C. § 6912(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .passim

7 U.S.C. § 6962(c)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

16 U.S.C. § 1001 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

16 U.S.C.§1003(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

16 U.S.C. § 1006a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

28 U.S.C. § 1491 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

28 U.S.C. § 1491(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 18

28 U.S.C. § 1491 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

28 U.S.C. § 1491 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

31 U.S.C. § 1341 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

41 U.S.C. §§ 602(a), 605 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

7 C.F.R. § 400.169 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

7 C.F.R. § 614.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

7 C.F.R. § 614.3(a)(2)(v) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8, 12

7 C.F.R. § 614.17 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8

7 C.F.R. §614.204(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

The Department of Agriculture Reorganization Act of 1994,
Pub. L. 103-354, Title II, § 212,108 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RICK'S MUSHROOM SERVICE, INC. | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-255C<br>(Judge Christine O.C. Miller) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

STATEMENT OF CASE

I. Nature Of Case

Plaintiff, Rick's Mushroom Service, Inc. ("Rick's") operates a facility that processes spent mushroom substrate by allowing excess nitrogen and other nutrients to leach out of the soil to the point where it is salable as potting soil or other products. This process generates "leachate" that can cause ecological damage if not properly handled. On March 12, 1998, Rick's requested environmental conservation assistance from the United States Department of Agriculture Natural Resources Conservation Service, ("NRCS") through the Chester County Conservation District. ("CCCD").[1] After lengthy consultations with NRCS Soil Conservationists, plaintiff signed a cost-sharing agreement with the NRCS the terms of which provided that NRCS would provide specifications for plaintiff's facility, and plaintiff would construct and operate his facility in accordance with those specifications. Plaintiff now alleges that those specifications were defective and resulted in a large damages award against Rick's for which plaintiff claims the NRCS

[1]The contract with NRCS was originally signed by a corporation known as Custom Casing, Inc., of which Rick Masha was a principal. As of April 7, 2000, Custom Casing transferred ownership to Rick's Mushroom Service. Complaint, ¶¶ 2, 10.

is liable for equitable indemnification, breach of contract and professional liability. Plaintiff seeks $1 million dollars on each of these counts.

We have moved to dismiss this case because this Court does not possess jurisdiction to hear any plaintiff's claims. Professional liability is a tort over which this court does not possess jurisdiction. In the absence of an express indemnification clause in the contract, equitable indemnification is either an implied-in-law theory or a tort theory, and either way, this Court does not possess jurisdiction over plaintiff's claim. Plaintiff's breach of contract claim is also troubled. First, the cost-sharing agreement that is the only contract between plaintiff and the NRCS is not a contract for the procurement of goods or services for the benefit of the Government and the contracting officer correctly denied plaintiff's certified claim on the ground that the Contract Dispute Act did not apply. Plaintiff should have followed the administrative remedy set out in the applicable regulations rather than pursue a CDA claim. The administrative remedy is statutorily prescribed and plaintiff's failure to exhaust it deprives this Court of jurisdiction over the case. 7 U.S.C. § 6912(e). For all of these reasons, plaintiff's complaint should be dismissed.

## II. <u>Statement Of Facts</u>

The Watershed Protection and Flood Prevention Act was enacted in recognition of the importance of "[e]rosion, floodwater, and sediment damages in the watersheds of the rivers and streams of the United States. . . " 16 U.S.C. § 1001. Congress recognized that the Federal goal of protecting the country's watersheds would be more effectively reached if the Federal authorities cooperated with State

and local soil conservation districts, flood prevention or control districts and other local public agencies. Id.

The NRCS was created by the Department of Agriculture Reorganization Act of 1994, under which the Secretary of Agriculture was authorized to reorganize the Department of Agriculture to enable it to carry out its activities more efficiently. 7 U.S.C. §§ 6901, 6962. The NRCS is specifically charged to cooperate with state and local Soil and Water Conservation Districts. 7 U.S.C. § 6962(c)(3). Congress further provided authority for the USDA to share costs of carrying out works of improvement provided in the Watershed Protection and Flood Prevention Act with state and local conservation districts. 16 U.S.C. § 1006a. The NRCS has such an agreement with the Red-White Clay Creeks Watershed Protection Plan, which includes the area of Pennsylvania where plaintiff's facility is located. The NRCS is also statutorily authorized to enter into cost-share agreements with landowners or land occupiers pursuant to 16 U.S.C.§1003(6) to carry out conservation plans developed by the landowner/occupiers in cooperation with and approved by the relevant soil and water conservation district, all in furtherance of the goals of the overall Watershed Protection Plan. These agreements and conservation plans with landowners/occupiers are to include specific practices to conserve and develop the soil, water, woodland, wildlife, energy and recreation resources of and enhance the water quality of lands. 16 U.S.C. § 1003(6).

Here, plaintiff entered into a long-term lease for the property with M.A.Y. Farms.[2] After consultation with the Pennsylvania Department of Environmental Protection ("DEP"), the NRCS entered into a "Long-Term Contract for NRCS Cost Share Programs" with the plaintiff on September 26, 1997. Under the terms of the contract, the NRCS would design components of a conservation practice for plaintiff's SMS transfer facility and plaintiff would implement the practice as well as build its components and operate the facility . Complaint ¶ 1. Pursuant to the contract, NRCS designed and provided specifications for components of a conservation practice at the Plaintiff's an SMS transfer facility including a storage area, leaching field, wastewater impoundment and spray system. Complaint ¶ 11.

On July 26, 2001, plaintiff's neighbors, Warren Reynolds, John Reynolds, and the Wilmington Trust Company ("Reynolds") filed a civil suit against the plaintiff alleging that Rick's had violated various state and Federal environmental statutes. Complaint ¶ 13. The complaint alleged that wastewater runoff was entering an abutting stream, Trout Run, and contaminating the Reynolds' pond. In March 2004, the United States District Court for the Eastern District of Pennsylvania issued a permanent injunction against Rick's requiring it to obtain Pennsylvania Department of Environmental Protection (DEP) permits as a wastewater and solid waste facility. Complaint ¶ 14. No final judgment has yet been entered in the lawsuit. Complaint ¶ 15.

---

[2]As previously noted, at the time the lease and contract with NRCS were signed, plaintiff was doing business as "Custom Casings." Rick's is the legal successor to Custom Casings. Complaint ¶¶ 2, 10.

On November 4, 2005, plaintiff sent a letter to the NRCS that purported to be a certified claim for $5 million under the Contract Disputes Act ("CDA").[3] On November 14, 2005, NRCS sent a letter to plaintiff stating that the CDA was not applicable to the contract because it was not a contract for the procurement of goods or services for the benefit of the Government.[4] On March 29, 2006, plaintiff filed the instant complaint.

## STATEMENT OF ISSUES

1. Whether this Court possesses subject matter jurisdiction over this suit, because plaintiff has failed to exhaust administrative appeal procedures before filing this suit, as required by 7 U.S.C. § 6912(e), and 7 C.F.R. § 614.17?

2. Whether this Court possesses subject matter jurisdiction over plaintiff's claim for equitable indemnification where the contract did not contain an indemnification provision?

3. Whether this Court possesses subject matter jurisdiction over plaintiff's claim for professional negligence, which claim sounds in tort?

[3]A copy of the letter is attached to this motion as Exhibit 1.

[4]A copy of the NRCS letter is attached to this motion as Exhibit 2.

## ARGUMENT

### I. The Court of Federal Claims Is A Court of Limited Jurisdiction

The United States Court of Federal Claims is a court of limited jurisdiction. Dynaelectron Corp. v. United States, 4 Cl. Ct. 424, 428, aff'd. mem., 758 F.2d 665 (Fed. Cir. 1984). Its jurisdiction to entertain claims and to grant relief depends upon, and is circumscribed by, the extent to which the United States has waived its sovereign immunity. United States v. Testan, 424 U.S. 392 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941).

In its complaint, Rick's asserts that this Court possesses jurisdiction to entertain the complaint pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1). Compl. ¶ 3. However, the Tucker Act does not create any substantive right of recovery against the United States for money damages, but rather, merely confers jurisdiction upon the Court whenever the substantive right otherwise exists. Testan, 424 U.S. at 398; United States v. Connolly, 716 F.2d 882, 885 (Fed. Cir. 1983) (en banc), cert. denied, 465 U.S. 1065 (1984). An action may be maintained in this Court only if it is "found either upon the Constitution or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491. Thus, for this Court to possess jurisdiction to entertain the complaint, Rick's must allege, among other things, that it entered into an express or implied contract with the United States, Compl. ¶¶ 8, 13 and that the contract mandates that plaintiff is entitled to recover money damages from the United States. Worthington v. United States, 168 F.3d 24, 26 (Fed. Cir. 1999).

Rick's bears the burden of establishing that this Court possesses jurisdiction to entertain the complaint. See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189-90 (1936); Alder Terrace, Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998); Reynolds v. Army and Air Force Exchange Service, 846 F.2d 746, 748 (Fed. Cir. 1988). We establish below that Rick's cannot meet this burden as to any of the causes of action alleged in the complaint.

## II. Standard of Review

When deciding a motion to dismiss pursuant to RCFC 12(b)(1) for lack of jurisdiction, this Court must assume that all undisputed facts alleged by the non-moving party are true and must draw all reasonable inferences in the non-movant's favor. Mexican Intermodal Equipment, S.A. de C.V. United States, 61 Fed. Cl. 55, 59 (2004) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 1974)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Id. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); accord Conti v. United States, 291 F.3d 1334, 1338 (Fed. Cir. 2002).

In reviewing a motion to dismiss pursuant to RCFC 12(b)(6), the Court accepts all of the well-plead factual allegations to be true and draws all reasonable inferences in favor of plaintiff. Perez v. United States, 156 F.3d 1366, 1370 (Fed. Cir. 1998). The case may dismissed only if the plaintiff "can prove no set of facts in support of his claim that would entitle him to relief." Southfork Sys., Inc. v. United

States, 141 F.3d 1124, 1131 (Fed. Cir. 1998); New York Life Ins. Co. v. United States, 190 F.3d 1372, 1377 (Fed. Cir. 1999).

## III. This Court Lacks Subject Matter Jurisdiction Over This Suit

### A. Plaintiff Has Failed To Meet The Express Statutory Requirement That It Exhaust Its Administrative Remedies Before Filing Suit In Federal Court

The Court should dismiss plaintiff's complaint for lack of subject matter jurisdiction because plaintiff has failed to exhaust its administrative remedies before filing this suit. The applicable regulations provide the following administrative procedure for resolving disputes:

> This part sets forth the informal appeal procedures under which a participant may appeal adverse technical determinations or program decisions made by officials of the Natural Resources Conservation Service (NRCS), an agency under the United States Department of Agriculture (USDA). These regulations reflect NRCS policy to resolve at the agency level, to the greatest extent possible, disputes arising from adverse technical determinations and program decisions made by NRCS. Once a decision is rendered final by NRCS, participants may appeal to the National Appeals Division (NAD) as provided for under 7 CRF part 11. . . .

7 C.F.R. § 614.1. Decisions involving the Watershed Protection and Flood Prevention Program are governed by this regulation. 7 C.F.R. § 614.3(a)(2)(v). The NRCS's regulations further provide that "A participant must receive a final determination from NAD pursuant to 7 C.F.R. part 11 prior to seeking judicial review. 7 C.F.R. § 614.17.

In some situations, the Court can exercise its discretion to waive a plaintiff's failure to exhaust its administrative remedies, but here, plaintiff was expressly

required by statute to exhaust the administrative remedy provided in 7 C.F.R. § 400.169 before filing this suit. The Department of Agriculture Reorganization Act of 1994, Pub. L. 103-354, Title II, § 212,108 Stat. 3210, requires that "a person shall exhaust all administrative appeal procedures established by law before the person may bring an action in a court of competent jurisdiction" against the Department of Agriculture or one of its agencies, such as the NRCS. 7 U.S.C. § 6912(e) (emphasis added).

This Court has ruled that "the plain language of [7 U.S.C. § 6912(e)] demonstrates a clear legislative intent" to require exhaustion of administrative appeals "before filing suit in any court." Farmers & Merchants Bank of Eatonton, Georgia v. United States, 43 Fed. Cl. 38, 39 (1999) (granting the Government's motion to dismiss for lack of subject matter jurisdiction for failure to exhaust administrative remedies pursuant to 7 U.S.C. § 6912(e)).

Four Federal circuit courts of appeals have also ruled that 7 U.S.C. § 6912(e) requires a plaintiff to exhaust administrative remedies before suing the Department of Agriculture in Federal district court. Deaf Smith County Grain Processor, Inc. v. Glickman, 162 F.3d 1206, 1214 (D.C. Cir. 1998); Bastek v. Federal Crop Ins. Corp., 145 F.3d 90, 94-95 (2d Cir. 1998); Kleissler v. United States Forest Service, 183 F.3d 196, 200-01 (3d Cir. 1999); Gold Dollar Warehouse, Inc. v. Glickman, 211 F.3d 93, 98 (4th Cir. 2000).

Numerous Federal district courts have interpreted § 6912(e) similarly. American Growers Ins. Co v. Federal Crop Ins. Corp., 210 F. Supp. 2d 1088,1092 (S.D. IA 2002); Rain & Hail Ins. Co. v. Federal Crop Ins. Corp., 229 F. Supp. 2d

710, 715-16 (S.D. Tex. 2002); In re 2000 Sugar Beet Crop Ins. Litigation, 228 F. Supp. 2d 999, 1003 (D. Minn. 2002); Farmers Alliance Mut. Ins. Co. v. FCIC, 2001 WL 30443 (D. Kan., Jan. 3, 2001); Gleichman v. United States Department of Agriculture, 896 F. Supp. 42, 44 (D. Me. 1995).

In Bastek, the Court of Appeals for the Second Circuit distinguished between statutory exhaustion requirements, which "courts are not to dispense with," and common law or judicial exhaustion doctrine, which permits courts, in their discretion, to waive administrative exhaustion in certain circumstances, such as when a plaintiff alleges that exhaustion would be futile because the agency has predetermined the issue. Bastek, 145 F.3d at 94. The court noted that "[t]he Supreme Court has directed that '[w]here Congress specifically mandates, exhaustion is required.'" Id. (quoting McCarthy v. Madigan, 503 U.S. 140, 144 (1992)).[5] The Second Circuit also observed that when a court is "[f]aced with unambiguous statutory language requiring exhaustion of administrative remedies, '[w]e are not free to rewrite the statutory text.'" 145 F.3d at 94 (quoting McNeil v. United States, 508 U.S. 106, 111 (1993)).

Applying these principles of the exhaustion doctrine to interpret § 6912(e), the Second Circuit concluded that "the statutory provision mandating exhaustion contained in 7 U.S.C. § 6912(e) is explicit. Indeed, as one court has observed, '[i]t is hard to imagine more direct and explicit language requiring that a plaintiff suing the

---

[5] The United States Court of Appeals for the Federal Circuit has similarly noted that "[w]hen Congress expressly requires exhaustion of administrative remedies before suit is brought, exhaustion is, of course, mandatory." Martinez v. United States, 333 F.3d 1295, 1305 (Fed. Cir. 2003) (en banc) (citing McCarthy, 503 U.S. at 144).

Department of Agriculture, its agencies, or employees, must first turn to any administrative avenues before beginning a lawsuit.'" 145 F.3d at 94-95 (quoting Gleichman, 896 F. Supp. at 44).

Plaintiff has failed to comply with the statutory exhaustion requirement of 7 U.S.C. § 6912(e). Plaintiff acknowledges that its cost sharing contract was with the United States acting through the Department of Agriculture, specifically, the NRCS. Complaint ¶ 3. In its complaint, plaintiff alleges that the NRCS specifications for the components of the conservation practice at its SMS facility were defective, and that this has already resulted in an injunction against it and may result in an award of damages being entered against it by the United States District Court for the Eastern District of Pennsylvania in Reynolds v. Rick's Mushroom Service. Complaint ¶¶ 14, 15. Yet Plaintiff has failed to pursue the appeal procedures set out at 7 C.F.R. § 614.204(a).

Because plaintiff has failed to exhaust its administrative remedies, as mandated by 7 U.S.C. § 6912(e), this Court possesses no subject matter jurisdiction over any of plaintiff's claims, for equitable indemnification, for breach of implied warranty, or for professional negligence, and is compelled to dismiss the complaint. Allowing plaintiff to pursue this suit before it has exhausted all administrative remedies would reward what the Supreme Court has condemned as "the deliberate flouting of administrative processes." McKart v. United States, 395 U.S. 185, 194-95 (1969).

The Court is compelled to heed the statutory exhaustion requirement of 7 U.S.C. § 6912(e), even if the result of dismissing the complaint is that the time has

expired for plaintiff to bring its case under the proper regulations. As the Second Circuit stated in Bastek:

> We are aware that, having failed to pursue their administrative remedies initially, plaintiffs are barred by the applicable statutes of limitations from pursuing them now. However, the choice to bring suit in the district court rather than exhausting the required administrative remedies – or, indeed, pursuing *both* remedies at the same time as a precaution, as litigants often do, in the event that it is determined that exhaustion is required – was entirely plaintiffs' own.

145 F.3d at 95 (underlining added); Deaf Smith County Grain Processor, 162 F.3d at 1214 ("by neglecting to formally appeal . . . appellant failed to exhaust its administrative remedies. Its action, at least with respect to this claim, is barred," citing 7 U.S.C. § 6912(e)). The Court should dismiss the complaint because plaintiff failed to exhaust the administrative appeals procedures provided in 7 C.F.R. § 614.3, as Congress mandated in 7 U.S.C. § 6912(e).[6]

**B. The Contract Between Plaintiff and NRCS Does Not Mandate Money Damages**

In order to establish jurisdiction under the Tucker Act, plaintiff must have either a contract or a statute that mandates that plaintiff is entitled to recover money damages from the United States. Worthington v. United States, 168 F.3d 24, 26 (Fed. Cir. 1999). This Court will possess jurisdiction if two things are found: 1) that the person who signed the contract on behalf of the United States had the authority

[6] Instead, on November 4, 2005, plaintiff submitted a certified claim to the contracting officer as if this contract were governed by the Contract Disputes Act. See Exhibit 1. The contracting officer issued a final decision stating that the contract between Rick's and the NRCS was a "cooperative agreement" which was not a contract for the procurement of goods or services for the benefit of the Government, and therefore was not governed by the Contract Disputes Act, 41 U.S.C. §§ 602(a), 605. See Exhibit 2.

to bind the government to pay monetary damages, and 2) that contract specifically provides for the government to pay monetary damages in the event it breaches the contract. Houston v. United States, 60 Fed. Cl. 507, 511 (2004) citing Kania v. United States, 650 F.2d 264, 268 (1981).

Here, plaintiff does not, and cannot allege this. The contract executed between NRCS and Plaintiff was a was a cooperative agreement whereby the NRCS would provide advice and design assistance for plaintiff's SMS facility, and plaintiff would construct its facility in accordance with the guidance provided by NRCS. Complaint ¶ 11. Plaintiff benefitted from this contract in that NRCS paid part of the costs of constructing the SMS facility, and the NRCS benefitted by having plaintiff's facility constructed in an environmentally acceptable manner. But this contract does not mandate money damages to plaintiff under any circumstances. In the event of a breach of this contract, NRCS could, but would not be required to, suspend further cost-sharing payments and request that the money previously paid by NRCS be returned. See Exhibit A to Plaintiff's Complaint at ¶¶ (g)(1) and (2). Thus, the contract nowhere provides that the Government will be liable to the plaintiff for money damage in the event of a Government breach. Because plaintiff cannot cite to any statute or contract provision that entitles it to recover money damages against the Government, plaintiff has failed to establish that this Court possesses jurisdiction over plaintiff's claims. Khan v. United States, 201 F.3d 1375, 1377-78 (Fed. Cir. 2000) citing Hamlet v. United States, 63 F.3d 1097, 1101 (Fed. Cir. 1995), James v. Caldera, 159 F.3d 573, 580 (Fed. Cir. 1998). Therefore, the Government's motion to dismiss should be granted. Kania, 650 F.2d at 268.

## IV. Plaintiff's Claim for Equitable Indemnification Is Based on a Contract Implied-In-Law Over Which This Court Lacks Jurisdiction

Plaintiff claims $1 million dollars in damages on the theory that the Government should be required to equitably indemnify plaintiff for the legal costs it has incurred defending the lawsuit brought in the United States District Court for the Eastern District of Pennsylvania and for any damages that it may possibly be ordered to pay by that court.[7] Complaint ¶¶ 14, 15, 21, and 22.

Plaintiff does not allege that the cost sharing agreement between it and the NRCS contained an express indemnity clause. Absent an express clause providing that the Government agreed to indemnify the contracting party for any consequential legal damages or other costs incurred, plaintiff must allege that even though an express offer and acceptance are missing from the contract, the parties' conduct indicate mutual assent and intention that an indemnification clause be read into the contract. City of Cincinnati v. United States, 153 F.3d 1375, 1377 (Fed. Cir. 1998). Here, plaintiff does not allege any behavior on the part of either party that could be interpreted as (1) an offer, (2) acceptance, (3) consideration, or (4) an agreement with a Government agent authorized to bid the Government.

Instead, plaintiff merely alleges that the Government has "primary liability with respect to claims emanating from the design, planning, and construction of the facility." Complaint ¶ 20. Even assuming the Government had actually designed,

---

[7]Defendant notes that because plaintiff has not yet been ordered to pay any damages, this claim for indemnification has the further infirmity of not yet being ripe for adjudication.

planned, and constructed the facility[8], plaintiff is essentially relying here on a common law principle of tort law. Wilkes-Barre v. Kaminksi Brothers, Inc., 804 A.2d 89, 92 (Pa. 2002) (Indemnity is a common law equitable remedy that shifts responsibility for damages from the primary, or active tortfeasor to the secondary or passive tortfeasor.) See also Philadelphia Electric Co. v. Hercules, Inc., 762 F.2d 303, 316-17 (3rd Cir. 1985).

Absent an indemnification provision in the contract, or any facts that support an implied-in-fact contract, if a contract for indemnification existed between Rick's and the Government, it was a contract implied-in-law. This Court's predecessor, the United States Court of Claims ("Court of Claims") specifically held that:

> Implied-in-fact contracts differ from contracts implied in law (quasi-contracts), where a duty is imposed by operation of law without regard to the intent of the parties. Such arrangements are treated as contracts for the purposes of remedy only. This court, of course, has no jurisdiction to render judgment against the United States based upon a contract implied in law.

Russell Corp. v. United States, 210 Ct. Cl. 596, 609, 537 F.2d 474, 482 (1976), cert. denied, 429 U.S. 1073 (1977)(emphasis supplied).

Furthermore, the Anti-Deficiency Act bars a federal employee or agency from entering into a contract for future payment of money in advance of, or in excess of, an existing appropriation. 31 U.S.C. § 1341. Consequently, no Government employee would have the authority to bind the Government to an open-ended

[8]For purposes of the motion to dismiss, the Court must treat all facts alleged by plaintiff as true. However, in the event that the Court does not grant the motion to dismiss, the Government notes that NRCS did not participate in the construction phase of any part of Rick's facility, it merely provided specifications and design consultations.

indemnity contract in the absence of specific authorization for such an undertaking. Hercules, Inc. v. United States, 516 U.S. 417, 427 (1996). Here, there was no indemnification clause in the contract between Rick's and the NRCS, therefore, there could be no explicit authorization for indemnification.

For all of these reasons, Rick's complaint fails to allege facts sufficient to show that the necessary "bargained-for promissory exchange" occurred, Hanlin v. United States, 50 Fed. Cl. 697, 699 (2001). Rick's allegation that the Government is obligated to indemnify it for possible consequential damages purportedly arising from the Government's purportedly defective specifications is not well founded. Accordingly, the Court does not possess subject matter jurisdiction to entertain Rick's claim for equitable indemnification. See City of El Centro v. United States, 922 F.2d 816, 820 (Fed. Cir. 1995). Those portions of the complaint dealing with that cause of action should be dismissed.

Moreover, jurisdiction cannot be created in the Claims Court by "implying" a right to monetary compensation:

> Monetary claims which cannot be brought within [the Tucker Act] limits are beyond this court's jurisdiction, even though they may intimately involve the Constitution, an Act of Congress, or an executive regulation. This is the reverse of saying that this Court is not concerned with any and all pecuniary claims against the Federal Government simply because they rely upon (and in that sense are "founded upon") an aspect of Federal, constitutional, statutory or regulatory law.

Eastport Steamship Corp. v. United States, 372 F.2d at 1008; accord United States v. Testan, 424 U.S. at 400 ("grant of a right of action must be made with specificity").

Indeed, the courts have resisted arguments for implied rights to monetary damages in circumstances far more compelling than the circumstances of this case. For example, the Supreme Court held that the statute governing the "classification" of various civil service positions does not mandate compensation to employees unfairly denied appointment to a higher grade. Testan, 424 U.S. at 398-402. Similarly, a statute granting property owners a right to redeem real property sold to satisfy a lien was found not to mandate monetary compensation for violations. Murray v. United States, 817 F.2d at 1582-1583. This refusal by the courts to "imply" a right to monetary compensation (and so find jurisdiction in the Claims Court) is founded upon the principles of sovereign immunity:

> It is elementary that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued. . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit. [citation omitted], A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." [Citation omitted.]

United States v. Mitchell, 445 U.S. at 538 (emphasis added) (no jurisdiction in Claims Court to consider allegation that statute requiring Government to hold Indian lands in trust was violated); accord United States v. Testan, 424 U.S. at 400 (refusal to imply a right to monetary damages based upon principles of sovereign immunity).

## V. Plaintiff's Claim for Professional Negligence Sounds in Tort and This Court Does Not Possess Jurisdiction Over Tort Claims

The central provision granting consent to suit in this Court is the Tucker Act, 28 U.S.C. § 1491. United States v. Testan, 424 U.S. at 397. Pursuant to this statute, an action may be maintained in this Court only if it is "founded either upon

the Constitution or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491 (emphasis added). The statutory language of the Tucker Act cannot be construed as providing an explicit waiver of sovereign immunity for any type of tort claim; in fact, it explicitly does not provide a waiver for tort claims.

Here, plaintiff claims that it is entitled to $1 million in damages from the Government for its professional negligence in producing the specifications for various components of plaintiff's SMS facility. Professional negligence is a tort theory of recovery which cannot support a claim in this Court. See e.g. Keene Corporation v. United States, 508 U.S. 200, 214 (1993); Tchakarski v. United States, 69 Fed. Cl. 218, 221 (2005); Miller v. United States, 67 Fed. Cl. 195, 199 (2005). This Court should therefore dismiss the complaint to the extent it seeks recovery against the Government on a tort theory because the Claims Court lacks jurisdiction pursuant to the Tucker Act, 28 U.S.C. §1491, to consider a claim sounding in tort. Aetna Casualty & Surety Company v. United States, 228 Ct. Cl. 146, 164, 655 F.2d 1047, 1059 (1971).

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court grant our motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

/s Joan M. Stentiford
JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L St., N.W., 8th floor
Washington, D.C. 20530
Tel: (202) 616-0341
Fax: (202) 514-8624

Attorneys for Defendant

OF COUNSEL:

TROY MOUER
Attorney
Office of General Counsel
U.S. Department of Agriculture
P.O. Box 1134
Harrisburg, Pennsylvania 17108

July 31, 2006

CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of July, 2006, a copy of the foregoing "DEFENDANT'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Joan M. Stentiford