IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RICK'S MUSHROOM SERVICE, INC., Plaintiff, | ) | No. 06-255C |
| v. | ) | (Judge Christine O.C. Miller) |
| THE UNITED STATES, Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT**

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

KATHRYN A. BLEECKER
Assistant Director

JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L St., N.W., 8th floor
Washington, D.C. 20530
Tel: (202) 616-0341
Fax: (202) 514-8624
E-mail: joan.stentiford-ulmer@usdoj.gov

Attorneys for Defendant

OF COUNSEL:

TROY B. MOUER
Attorney
Office of the General Counsel
U.S. Department of Agriculture
P.O. Box 1134
Harrisburg, Pennsylvania 17108

November 9, 2006

STATEMENT OF ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I. Nature Of Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II. Statement Of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

I. Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

II. Rick's Amended Complaint Should Be Dismissed For Lack of Jurisdiction Because Rick's Cost-Sharing Agreement Is Not A Contract For The Procurement Of Goods And Services For the Benefit of The Government And Is Not Covered by the Contract Disputes Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

A. The Court of Federal Claims is A Court of Limited Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

B. The Agreement Between Rick's And The NRCS Is Not Subject To The Contract Disputes Act . . . . . . . . . . . . 10

C. Disputes Between Rick's And The NRCS Regarding The Agreement Are Subject To Mandatory Administrative Exhaustion Followed By Judicial Review In A United States District Court . . . . . . . . . 11

1. Rick's Was Required To Follow the Administrative Procedure For Resolving Its Dispute With The NRCS . . . . . . . . . . . . . . . . . . . . 12

2. Judicial Review Of Rick's Claims Lies With The United States District Courts Not This Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

III. Even Assuming That Rick's Amended Complaint Was Not Dismissed For Failure to Comply With A Mandatory Exhaustion Requirement, Rick's "Equitable Indemnification" Claim Should Be Dismissed For Lack Of Jurisdiction Because This Court Lacks Jurisdiction to Consider Claims Upon Contracts Implied-In-Law . . . . . . . . . . . . . . . . . . . . . . 16

A. The Spearin Doctrine Cannot Apply To A Cooperative Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

B. This Court Lacks Jurisdiction To Consider Implied-In-Law Contract Claims . . . . . . . . . . . . . . . . . . . . . . . 18

IV. Rick's "Professional Negligence" Count Should Be Dismissed For Lack of Jurisdiction Because It Sounds In Tort . . . . . . . . . . . . . 22

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

## TABLE OF AUTHORITIES

### CASES

In re 2000 Sugar Beet Crop Ins. Litigation,
228 F. Supp. 2d 999 (D. Minn. 2002)........................................................14

Aetna Casualty & Surety Company v. United States,
228 Ct. Cl. 146,
655 F.2d 1047 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Alder Terrace, Inc. v. United States,
161 F.3d 1372 (Fed. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

American Growers Inc. Co. v. Federal Crop Ins. Corp,
210 F. Supp. 2d 1088 (S.D. IA 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Bastek v. Federal Crop Ins. Corp.,
145 F.3d 90 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14,15

Cubic Def. Sys., Inc. v. United States,
45 Fed. Cl. 239 (1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

City of Cincinnati v. United States,
153 F.3d 1375 (Fed. Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .19

City of El Centro v. United States,
922 F.2d 816 (Fed. Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .20

Conley v. Gibson,
355 U.S. 41 (1957). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Conti v. United States,
291 F.3d 1334 (Fed. Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Deaf Smith County Grain Processor, Inc. v. Glickman,
162 F.3d 1206 (D.C. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14, 15

Dynaelectron Corp. v. United States,
4 Cl. Ct. 424, aff'd. mem.,
758 F.2d 665 (Fed. Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Eastport Steamship Corp. v. United States,
372 F.2d at 1008 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Farmers Alliance Mut. Ins. Co. v. FCIC,
2001 WL 30443 (D. Kan., Jan. 3, 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Farmers & Merchants Bank of Eatonton, Georgia v. United States,
43 Fed. Cl. 38 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10,14

Gleichman v. United States Department of Agriculture,
896 F. Supp. 42 (D. Me. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

Gold Dollar Warehouse, Inc. v. Glickman,
211 F.3d 93 (4th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

Hamlet v. United States,
63 F.3d 1097 (Fed. Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Hanlin v. United States,
50 Fed. Cl. 697 (Fed. Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Hercules, Inc. v. United States,
516 U.S. 417 (1996) . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
20

Holley v. United States,
124 F.3d 1462 (Fed. Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Keene Corporation v. United States,
508 U.S. 200 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Kleissler v. United States Forest Service,
183 F.3d 196 (3d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..14

Martinez v. United States,
333 F.3d 1295 (Fed. Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

McKart v. United States,
395 U.S. 185 (1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

McNutt v. General Motors Acceptance Corp.,
298 U.S. 178 (1936) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

Mexican Intermodal Equipment, S.A. de C.V. United States,
61 Fed. Cl. 55 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Miller v. United States,
67 Fed. Cl. 195 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Murray v. United States,
817 F.2d at 1582-1583 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .21

New York Life Ins. Co. v. United States,
190 F.3d 1372 (Fed. Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Perez v. United States,
156 F.3d 1366 (Fed. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Philadelphia Electric Co. v. Hercules, Inc.,
762 F.2d 303 (3rd Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Rain & Hail Ins. Service v. Federal Crop Insurance Corp.,
229 F. Supp. 2d 710 (S.D. Tex 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

Reynolds v. Army and Air Force Exchange Service,
846 F.2d 746 (Fed. Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Reynolds v. Rick's Mushroom Service, Inc.,
2004 WL 620164 (E.D. Pa. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Russell Corp. v. United States,
210 Ct. Cl. 596,
537 F.2d 474 (1976), cert. denied,
429 U.S. 1073 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Scheuer v. Rhodes,
416 U.S. 232 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

Southfork Sys., Inc. v. United States,
141 F.3d 1124 (Fed. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Steel Co. v. Citizens for a Better Env't,
523 U.S. 83, 88-89 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Tchakarski v. United States,
69 Fed. Cl. 218 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .22

Trauma Service Group Ltd v. Untied States,
33 Fed. Cl. 426, (1995) aff'd on other grounds,
104 F.3d 1321 (Fed. Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

United States v. Mitchell,
445 U.S. at 538 . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

United States v. Sherwood,
312 U.S. 584 (1941) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

United States v. Spearin,
248 U.S. 132 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
United States v. Testan,
424 U.S. 392 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21,22

Wilkes-Barre v. Kaminksi Brothers, Inc.,
804 A.2d 89 (Pa. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .19

**STATUTES**

5 U.S.C. 702 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 15

7 U.S.C. §§ 6901, 6962 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

7 U.S.C. § 6912(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .passim

7 U.S.C. § 6962(c)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

7 U.S.C. 6991(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

7 U.S.C. 6999 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 16

16 U.S.C. § 1001 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

16 U.S.C.§1003(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

16 U.S.C. § 1006a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,11

28 U.S.C. § 1491 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . .6,22

28 U.S.C. § 1491(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 18

28 U.S.C. § 1491 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

28 U.S.C. § 1491 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

31 U.S.C. § 1341 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15, 20

31 U.S.C. 6305(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 17

41 U.S.C. §§ 602(a), 605 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9,10

7 C.F.R. § 400.169 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

7 C.F.R. § 614.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

7 C.F.R. § 614.3(a)(2)(v) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8, 13

7 C.F.R. § 614.17 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8

7 C.F.R. §614.204(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

The Department of Agriculture Reorganization Act of 1994,
Pub. L. 103-354, Title II, § 212,108 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RICK'S MUSHROOM SERVICE, INC. | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-255C<br>(Judge Christine O.C. Miller) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, United States, respectfully requests the Court to dismiss plaintiff's amended complaint in its entirety for lack of subject matter jurisdiction. In support of this motion, we rely upon the pleadings and the following brief (with attachments).

DEFENDANT'S BRIEF

STATEMENT OF ISSUES

1. Whether this Court lacks subject matter jurisdiction to entertain any of the counts asserted in plaintiff's amended complaint because plaintiff has not complied with a mandatory administrative exhaustion requirement.

2. Whether the Court lacks subject matter jurisdiction to entertain Count I ("equitable indemnification" claim) of plaintiff's amended complaint because the Court lacks jurisdiction to consider implied-in-law contract claims.

3. Whether this Court lacks subject matter jurisdiction to entertain Count III ("professional negligence" claim) of plaintiff's amended complaint because the

Court of Federal Claims is statutorily prohibited from entertaining claims "sounding in tort."

## STATEMENT OF CASE

I. Nature Of Case

Plaintiff, Rick's Mushroom Service, Inc. ("Rick's") operates a facility that processes spent mushroom substrate by allowing excess nitrogen and other nutrients to leach out of the soil to the point where it is salable as potting soil or other products. This process generates "leachate" that can cause ecological damage if not properly handled. On March 12, 1998, Rick's requested environmental conservation assistance from the United States Department of Agriculture, Natural Resources Conservation Service ("NRCS"), through the Chester County Conservation District. ("CCCD").[1] After lengthy consultations with NRCS, Soil Conservationists, Rick's signed a cost-sharing agreement with the NRCS the terms of which provided that NRCS would provide specifications for Rick's facility, and Rick's would construct and operate its facility in accordance with those specifications. Rick's now alleges that those specifications were defective and resulted in a large damages award against Rick's for which it claims the NRCS is liable for equitable indemnification, breach of contract and professional negligence. Rick's seeks $1 million dollars upon each of these counts.

This Court does not possess jurisdiction to entertain any of Rick's claims.

---

[1]The contract with NRCS was originally signed by a corporation known as Custom Casing, Inc., of which Rick Masha was a principal. As of April 7, 2000, Custom Casing transferred ownership to Rick's Mushroom Service. Complaint, ¶¶ 2, 10.

The cost-sharing agreement was not a contract for the procurement of goods or services for the Government, therefore it fell outside the purview of the Contract Disputes Act. ("CDA").

The cost-sharing agreement between Rick's and the NRCS was a cooperative arrangement through which the Government was assisting Rick's in building and paying for its spent mushroom substrate facility, so that it would meet environmental standards and be in compliance with the Red-White Creek Watershed Protection Act. Disputes arising from USDA programs must be administratively appealed to the National Appeals Division ("NAD"). 7 U.S.C. § 6912(e). Judicial review of final NAD decisions is limited to the United States District Courts. 7 U.S.C. § 6999. Tucker Act jurisdiction was thereby statutorily displaced, and this class of disputes removed from Court of Federal Claims jurisdiction in favor of granting jurisdiction to the United States District Courts. Deaf Smith County Grain Processors, Inc. v. Glickman, 162 F.3d 1206, 1213 (D.D.C. 1998); Farmers & Merchants Bank of Eatonton v. United States, 43 Fed. Cl. 38, 44 (1999).

Thus, despite the fact that Rick's may, at first glance, appear to be raising a claim within the authority of the CDA and therefore within this Court's jurisdiction, it is not. All of Rick's claims involve the cost-sharing agreement between it and the NRCS to assist Rick's in constructing an environmentally sound agricultural facility, not a procurement contract. Even if this Court possessed jurisdiction over the cost-sharing agreement at issue here, it would still lack jurisdiction over Rick's claims based on professional negligence and express indemnification. Professional negligence claims sound in tort, over which this Court lacks jurisdiction. In the

absence of an express indemnification clause in the contract, equitable indemnification is either an implied-in-law theory or a tort theory, and either way, this Court does not possess jurisdiction over Rick's claim. For all of these reasons, Rick's complaint should be dismissed.

## II. Statement Of Facts

The Watershed Protection and Flood Prevention Act was enacted in recognition of the importance of "[e]rosion, floodwater, and sediment damages in the watersheds of the rivers and streams of the United States. . . ." 16 U.S.C. § 1001. Congress recognized that the Federal goal of protecting the country's watersheds would be more effectively reached if the Federal authorities cooperated with state and local soil conservation districts, flood prevention or control districts and other local public agencies. Id.

The NRCS was created by the Department of Agriculture Reorganization Act of 1994, pursuant to which the Secretary of Agriculture was authorized to reorganize the Department of Agriculture to enable it to carry out its activities more efficiently. 7 U.S.C. §§ 6901, 6962. The NRCS is specifically charged to cooperate with state and local soil and water conservation districts. 7 U.S.C. § 6962(c)(3). Congress further provided authority for the USDA to share the costs of carrying out works of improvement provided in the Watershed Protection and Flood Prevention Act with state and local conservation districts. 16 U.S.C. § 1006a. The NRCS has such an agreement with the Red-White Clay Creeks Watershed Protection Plan, which includes the area of Pennsylvania where Rick's facility is located. The NRCS is also statutorily authorized to enter into cost-share agreements with landowners or land

occupiers pursuant to 16 U.S.C. § 1003(6), to carry out conservation plans developed by the landowner/occupiers, in cooperation with and approved by the relevant soil and water conservation district, all in furtherance of the goals of the overall Watershed Protection Plan. These agreements and conservation plans with landowners/occupiers are to include specific practices to conserve and develop the soil, water, woodland, wildlife, energy and recreation resources of and enhance the water quality of lands. 16 U.S.C. § 1003(6).

Here, Custom Casings, Inc. entered into a long-term lease for the property with M.A.Y. Farms.[2] After consultation with the Pennsylvania Department of Environmental Protection ("DEP"), the NRCS entered into a "Long-Term Contract for NRCS Cost Share Programs" with Custom Casings on September 26, 1997. Pursuant to the terms of the contract, the NRCS would design components of a conservation practice for Custom Casings's SMS transfer facility and Custom Casings would implement the practice as well as build its components and operate the facility . Complaint ¶ 1. Pursuant to the contract, NRCS designed and provided specifications for an SMS transfer facility for Custom Casings/Rick's including a storage area, leaching field, wastewater impoundment and spray system. Complaint ¶ 11.

On July 26, 2001, Rick's neighbors, Warren Reynolds, John Reynolds, and the Wilmington Trust Company ("Reynolds") filed a civil suit against Rick's alleging

---

[2]As previously noted, at the time the lease and contract with NRCS were signed, Rick's was doing business as "Custom Casings." Rick's is the legal successor to Custom Casings. Complaint ¶¶ 2, 10.

that Rick's had violated various state and Federal environmental statutes. Complaint ¶ 13. The complaint alleged that wastewater runoff was entering an abutting stream, Trout Run, and contaminating the Reynolds' pond. In March 2004, the United States District Court for the Eastern District of Pennsylvania issued a permanent injunction against Rick's requiring it to obtain DEP permits as a wastewater and solid waste facility. Complaint ¶ 14. The United States District Court for the Eastern District of Pennsylvania issued a published order on March 29, 2004, that contained numerous findings of fact concerning Rick's failure to operate and maintain its SMS facility properly. Among other things, the Pennsylvania district court found that Rick's has not complied with the Mushroom plan, it does not store the SMS properly, it does not ensure that the SMS is stored properly, it does not have a ground water monitoring system, indeed, Rick's does not even know how much SMS there is at the facility. Reynolds v. Rick's Mushroom Service, Inc., 2004 WL 620164 (E.D. Pa. 2004), at ¶¶ 19-19.h.

At this time, Rick's has apparently entered into a settlement agreement with the plaintiffs in that case which is awaiting final approval from the district court. Complaint ¶ 15.

On November 4, 2005, Rick's sent a letter to the NRCS that purported to be a certified claim for $5 million under the Contract Disputes Act ("CDA").[3] On November 14, 2005, NRCS sent a letter to Rick's stating that the CDA was not applicable to the contract because it was not a contract for the procurement of goods

[3]A copy of the letter is attached to this motion as Exhibit 1.

or services for the benefit of the Government.[4] On March 29, 2006, Rick's filed the instant complaint.

## ARGUMENT

### I. Standard of Review

Jurisdiction must be established as a threshold matter before the Court may proceed with the merits of any action. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 88-89 (1998). The Court's "determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997) (citations omitted). The Court is not obligated to assume the truth of the jurisdictional facts alleged, and Plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. Cubic Def. Sys., Inc. v. United States, 45 Fed. Cl. 239, 245 (1999) (citing Cedars-Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1583 (Fed. Cir. 1993). If jurisdiction is found to be lacking, the Court must dismiss the action. RCFC 12(h)(3).

When deciding a motion to dismiss pursuant to RCFC 12(b)(1) for lack of jurisdiction, this Court must assume that all undisputed, facts alleged by the non-moving party are true and must draw all reasonable inferences in the non-movant's favor. Mexican Intermodal Equipment, S.A. de C.V. United States, 61 Fed. Cl. 55, 59 (2004) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 1974)). "The issue is not

[4]A copy of the NRCS letter is attached to this motion as Exhibit 2.

whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Id.

## II. Rick's Amended Complaint Should Be Dismissed For Lack of Jurisdiction Because Rick's Cost-Sharing Agreement Is Not A Contract For The Procurement Of Goods And Services For the Benefit of The Government And Is Not Covered by the Contract Disputes Act

The Court should dismiss Rick's complaint for lack of subject matter jurisdiction because it involves a dispute arising from a cooperative agreement between Rick's and the NRCS that is governed by USDA's administrative appeal scheme. 7 U.S.C. §§ 6912(e), 6991(1). As demonstrated below, cooperative agreements are statutorily distinguished from procurement contracts and are afforded a distinct avenue for seeking redress of disputes that arise under their terms, that is unrelated to the redress afforded by the Contract Disputes Act.

### A. The Court of Federal Claims Is A Court of Limited Jurisdiction

The United States Court of Federal Claims is a court of limited jurisdiction. Dynaelectron Corp. v. United States, 4 Cl. Ct. 424, 428, aff'd. mem., 758 F.2d 665 (Fed. Cir. 1984). Its jurisdiction to entertain claims and to grant relief depends upon, and is circumscribed by, the extent to which the United States has waived its sovereign immunity. United States v. Testan, 424 U.S. 392 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941).

Rick's bears the burden of establishing that this Court possesses jurisdiction to entertain the complaint. See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189-90 (1936); Alder Terrace, Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998); Reynolds v. Army and Air Force Exchange Service, 846 F.2d 746,

748 (Fed. Cir. 1988). We establish below that Rick's cannot meet this burden as to any of the causes of action alleged in the complaint.

On November 4, 2005, Rick’s filed a formal claim under the Contract Disputes Act, 41 U.S.C. § 601 *et seq*. The claim, which was denied by the NRCS, demanded five million dollars in damages under a theory that the NRCS provided Rick’s with defective designs and specifications for its SMS facility.[5] The contracting officer issued a final decision stating that the contract between Rick's and the NRCS was a "cooperative agreement" which was not a contract for the procurement of goods or services for the benefit of the Government, and therefore was not governed by the Contract Disputes Act, 41 U.S.C. §§ 602(a), 605. At that time, Rick’s was told it could appeal the denial of its claim to the Court of Federal Claims for reconsideration of the determination that the relief sought was not cognizable under the CDA.

Although this might appear to provide the Court with jurisdiction to entertain this action, it does not, because this is not the dispute Rick’s asks this Court to resolve. As is apparent from the relief requested in the complaint, Rick’s claims for damages are based in tort theories, not contract theories, of recovery. Moreover, even if the Court found that it had jurisdiction over the narrow issue presented in the Contracting Officer’s final decision, the case should still be dismissed because it fails to state a claim on which this Court can grant relief. However Rick’s attempts to characterize its argument, it fundamentally asks this Court to award it relief based on

[5] See Exhibits 3 and 4 (Krawitz letters of November 4 and 9, 2005).

a cooperative cost-sharing agreement, something this Court does not possess authority to do. RCFC 12(b)(6); Farmers & Merchants Bank, 43 Fed. Cl. at 39.

### B. The Agreement Between Rick's And The NRCS Is Not Subject To the Contract Disputes Act

Rick's asserts that this Court possesses jurisdiction to entertain its complaint pursuant to the Contract Disputes Act, 41 U.S.C. § 601 et seq. By its own terms, however, the Contract Disputes Act applies only to an express or implied contract entered into by an executive agency for: (1) the procurement of property, other than real property in being; (2) the procurement of services, (3) the procurement of construction, alteration, repair or maintenance of real property; or (4) the disposal of personal property. 41 U.S.C. § 602(a).

The cost-sharing agreement between Rick's and NRCS is not a contract for the procurement of goods or services of the benefit of the Government. Under the terms of the contract, NRCS agreed to design components of a conservation practice for the plaintiff's SMS transfer facility. In return, Rick's agreed to implement required practices for the facility. NRCS entered into the contract pursuant to the provisions of the Watershed Protection and Flood Prevention Act, which provides NRCS with statutory authority to enter into cost-share agreements with landowner or land occupiers to carry out conservation plans in furtherance of the goals of the Act. See 16 U.S.C. § 1006a.

The Federal Grant and Cooperative Agreement Act ("FGCAA") sets out three categories of agreements between federal agencies and other entities: procurement contracts, cooperative agreements, and grant agreements. See 31 U.S.C. §§ 6301-

08. Pursuant to the FGCAA, a Federal agency may use a cooperative agreement instead of a procurement contract if the "principal purpose of the relationship is to transfer a thing of value to the State, local government, or other recipient to carry out a public purpose of support or stimulation authorized by a law of the United States instead of acquiring (by purchase, lease or barter) property or services for the direct benefit or use of the United States Government." 31 U.S.C. § 6305(1). Clearly, the contract at issue in the present case falls squarely within the class of agreements categorized as a cooperative agreement under the FGCAA.

By its own terms, the CDA is inapplicable to cooperative agreements. As a result, Rick's was not entitled to assert any claim or appeal rights pursuant to the CDA for termination, breach or other claim events related to the performance of the cooperative agreement. See Trauma Service Group, LTD v. United States, 33 Fed. Cl. 426, 429-30 (1995) aff'd on other grounds, 104 F.3d 1321, 1326 (Fed. Cir. 1997). Consequently, the contracting officer correctly denied Rick's certified claim upon the ground that the Contract Disputes Act does not apply.

### C. Disputes Between Rick's And The NRCS Regarding The Agreement Are Subject to Mandatory Administrative Exhaustion Followed by Judicial Review In A United States District Court

Although the present action was filed with the Court of Federal Claims, it does not constitute an appeal from the denial of Rick's claim pursuant to the CDA, where the sole issue would be whether the cost-share agreement entered into by Rick's constitutes a contract for the procurement of goods and services. Rather, this case seeks to redress the NRCS's denial of Rick's request for assistance with the construction of a roof and other structures at the facility. NRCS declined to provide

the requested assistance, informing Rick's that the cost of the proposed roof and other work was excessively high, and informing Rick's that it could appeal this decision to the National Appeals Division of the U.S. Department of Agriculture ("NAD").[6] Rather than take the required appeal to the NAD, Rick's brought the instant lawsuit in this Court. As demonstrated below, this was the wrong decision for two reasons. First because exhausting the administrative remedy with the NAD is required prior to seeking judicial review, and second because even if the exhaustion requirement had been met, subsequent judicial review lies in the United States District Courts, not the Court of Federal Claims. 7 U.S.C. § 6999; 5 U.S.C. § 702.

**1. Rick's Was Required to Follow the Administrative Procedure For Resolving Its Dispute with NRCS**

Even if judicial review over this case did lie in this Court, it is undisputed that Rick's failed to exhaust its administrative remedy. The applicable regulations provide the following administrative procedure for resolving disputes:

> This part sets forth the informal appeal procedures under which a participant may appeal adverse technical determinations or program decisions made by officials of the Natural Resources Conservation Service (NRCS), an agency under the United States Department of Agriculture (USDA). These regulations reflect NRCS policy to resolve at the agency level, to the greatest extent possible, disputes arising from adverse technical determinations and program decisions made by NRCS. Once a decision is rendered final by NRCS, participants may appeal to the National Appeals Division (NAD) as provided for under 7 CRF part 11. . . .

[6] See Exhibit 5 (Smith letter of December 23, 2005).

7 C.F.R. § 614.1. Decisions involving the Watershed Protection and Flood Prevention Program are governed by this regulation. 7 C.F.R. § 614.3(a)(2)(v). The NRCS's regulations further provide that "A participant must receive a final determination from NAD pursuant to 7 C.F.R. part 11 prior to seeking judicial review. 7 C.F.R. § 614.17.

In some situations, the Court can exercise its discretion to waive a plaintiff's failure to exhaust its administrative remedies, but here, Rick's was expressly required by statute to exhaust the administrative remedy provided in 7 C.F.R. § 400.169 before filing this suit. The Department of Agriculture Reorganization Act of 1994, Pub. L. 103-354, Title II, § 212,108 Stat. 3210, requires that "a person shall exhaust all administrative appeal procedures established by law before the person may bring an action in a court of competent jurisdiction" against the Department of Agriculture or one of its agencies, such as the NRCS. 7 U.S.C. § 6912(e) (emphasis added).

This Court has ruled that "the plain language of [7 U.S.C. § 6912(e)] demonstrates a clear legislative intent" to require exhaustion of administrative appeals "before filing suit in any court." Farmers & Merchants Bank of Eatonton, Georgia v. United States, 43 Fed. Cl. 38, 39 (1999) (granting the Government's motion to dismiss for lack of subject matter jurisdiction for failure to exhaust administrative remedies pursuant to 7 U.S.C. § 6912(e)).

Four Federal circuit courts of appeals have also ruled that 7 U.S.C. § 6912(e) requires a plaintiff to exhaust administrative remedies before suing the Department of Agriculture in Federal district court. Deaf Smith County Grain Processor, Inc. v.

Glickman, 162 F.3d 1206, 1214 (D.C. Cir. 1998); Bastek v. Federal Crop Ins. Corp., 145 F.3d 90, 94-95 (2d Cir. 1998); Kleissler v. United States Forest Service, 183 F.3d 196, 200-01 (3d Cir. 1999); Gold Dollar Warehouse, Inc. v. Glickman, 211 F.3d 93, 98 (4th Cir. 2000).

Numerous Federal district courts have interpreted § 6912(e) similarly. American Growers Ins. Co v. Federal Crop Ins. Corp., 210 F. Supp. 2d 1088,1092 (S.D. IA 2002); Rain & Hail Ins. Co. v. Federal Crop Ins. Corp., 229 F. Supp. 2d 710, 715-16 (S.D. Tex. 2002); In re 2000 Sugar Beet Crop Ins. Litigation, 228 F. Supp. 2d 999, 1003 (D. Minn. 2002); Farmers Alliance Mut. Ins. Co. v. FCIC, 2001 WL 30443 (D. Kan., Jan. 3, 2001); Gleichman v. United States Department of Agriculture, 896 F. Supp. 42, 44 (D. Me. 1995).

The Court is compelled to heed the statutory exhaustion requirement of 7 U.S.C. § 6912(e), even if the result of dismissing the complaint is that the time has expired for plaintiff to bring its case under the proper regulations. As the Second Circuit stated in Bastek:

> We are aware that, having failed to pursue their administrative remedies initially, plaintiffs are barred by the applicable statutes of limitations from pursuing them now. However, the choice to bring suit in the district court rather than exhausting the required administrative remedies – or, indeed, pursuing *both* remedies at the same time as a precaution, as litigants often do, in the event that it is determined that exhaustion is required – was entirely plaintiffs' own.

145 F.3d at 95 (underlining added); Deaf Smith County Grain Processor, 162 F.3d at 1214 ("by neglecting to formally appeal . . . appellant failed to exhaust its administrative remedies. Its action, at least with respect to this claim, is barred," citing 7 U.S.C. § 6912(e)). The Court should dismiss the complaint because plaintiff

failed to exhaust the administrative appeals procedures provided in 7 C.F.R. § 614.3, as Congress mandated in 7 U.S.C. § 6912(e).

### 2. Judicial Review Of Rick's Claims Lies With the United States District Courts, Not This Court

Even if Rick's had exhausted its administrative remedies, as mandated by 7 U.S.C. § 6912(e), this Court possesses no subject matter jurisdiction over any of Rick's claims: for equitable indemnification, for breach of implied warranty, or for professional negligence, and is compelled to dismiss the complaint. This Court's jurisdiction is limited to resolving disputes involving claims for money damages whether brought under the CDA, or another money-mandating statute. 28 U.S.C. 1491. Despite its attempts to characterize it otherwise, Rick's theory of damages is based in tort law, not contract law, and seeks damages for an "alleged legal wrong because of agency action." 5 U.S.C. § 702. As a matter of statute, judicial review of this claim lies with the United States District Courts, not the Court of Federal Claims. 7 U.S.C. § 6999.

## III. Even Assuming That Rick's Amended Complaint Was Not Dismissed For Failure to Comply With A Mandatory Exhaustion Requirement, Rick's "Equitable Indemnification" Claim Should Be Dismissed For Lack Of Jurisdiction Because This Court Lacks Jurisdiction to Consider Claims Upon Contracts Implied-In-Law

In an attempt to manufacture jurisdiction to entertain its claims, Rick's attempts to make its dispute look like one involving contract law by invoking the Spearin doctrine and by claiming that there is an implied-in-fact contract provision for equitable indemnification. Rick's attempt must fail, however, because its claims all stem from a cost-sharing cooperative agreement that is simply not covered by the CDA or the Spearin doctrine. Rick's dispute with the NRCS, that it would not pay for a roof and other improvements to his SMS facility, is not a decision over which the Board of Contract Appeals would have jurisdiction – rather, it falls squarely within the definition of those disputes that must be brought before the NAD, and then appealed, if appropriate, to a United States District Court. 7 U.S.C. §§ 6991(1), 6999.

### A. The Spearin Doctrine Cannot Apply To A Cooperative Agreement

Rick's asserts that its claim for equitable indemnity derives from United States v. Spearin, which held that "if the contractor is bound to build according to plans and specifications prepared by [the Government], the contractor will not be responsible for the consequences of defects in the plans and specifications." 248 U.S. 132, 136, 39 S.Ct. 59, 61 (1918). Although we accept this statement as the current state of the law when the United States enters into an agreement with a contractor to acquire

goods and services, we disagree that Spearin applies to the present case because here, there is no "contractor" in the sense that Spearin uses the term.

A cooperative agreement such as the one at issue in this case differs in a number of important ways from the standard procurement contracts contemplated by the Spearin line of cases. A cooperative agreement is essentially a conditional grant of money for the principal purpose of transferring a thing of value to a recipient "to carry out a public purpose of support or stimulation authorized by a law of the United States" instead of acquiring (by purchase, lease, or barter) property or services for the direct benefit or use of the United States Government. 31 U.S.C. § 6305. The conditions upon the grant relate to the performance of the project, because the agency needs to be sure that the money it provides will be used to advance a public purpose. A cooperative agreement does not create a contractor/purchaser relationship between the parties to the agreement. The consequence of breaching a cooperative agreement is that the agency may (but is not required to) suspend further payments and request that the money provided by the agency for the project be returned.

Because the factual basis for the instant claim is so different from the facts that gave rise to the Spearin warranty, it is our position that Rick's cannot establish facts sufficient to show that a Spearin warranty arose in the present case. Our factual situation involves a cost-share agreement, not a procurement contract, and the ability of Rick's to perform its obligations under the agreement was not affected by any government action. Consequently, Rick's claim for equitable indemnification

should be denied to the extent that it is premised upon the existence of a Spearin warranty in this case.

**B. This Court Lacks Jurisdiction To Consider Implied-In-Law Contract Claims**

Rick's claims $1 million dollars in damages upon the theory that the Government should be required to equitably indemnify plaintiff for the legal costs it has incurred defending the lawsuit brought in the United States District Court for the Eastern District of Pennsylvania and for any damages that it may possibly be ordered to pay by that court.[7] Complaint ¶¶ 14, 15, 21, and 22.

Absent an indemnification provision in the contract, or any facts that support an implied-in-fact contract, if a contract for indemnification existed between Rick's and the Government, it was a contract implied-in-law. This Court's predecessor, the United States Court of Claims ("Court of Claims") specifically held that:

> Implied-in-fact contracts differ from contracts implied in law (quasi-contracts), where a duty is imposed by operation of law without regard to the intent of the parties. Such arrangements are treated as contracts for the purposes of remedy only. This court, of course, has no jurisdiction to render judgment against the United States based upon a contract implied in law.

Russell Corp. v. United States, 210 Ct. Cl. 596, 609, 537 F.2d 474, 482 (1976), cert. denied, 429 U.S. 1073 (1977)(emphasis supplied).

Rick's does not allege that the cost sharing agreement between it and the NRCS contained an express indemnity clause. Absent an express clause providing

[7] Defendant notes that because Rick's has not yet been ordered to pay any damages, this claim for indemnification has the further infirmity of not yet being ripe for adjudication.

that the Government agreed to indemnify the contracting party for any consequential legal damages or other costs incurred, Rick's must allege that even though an express offer and acceptance are missing from the contract, the parties' conduct indicate mutual assent and intention that an indemnification clause be read into the contract. City of Cincinnati v. United States, 153 F.3d 1375, 1377 (Fed. Cir. 1998). Here, Rick's does not allege any behavior on the part of either party that could be interpreted as (1) an offer, (2) acceptance, (3) consideration, or (4) an agreement with a Government agent authorized to bid the Government.

Instead, Rick's merely alleges that the Government has "primary liability with respect to claims emanating from the design, planning, and construction of the facility." Complaint ¶ 20. Even assuming the Government had actually designed, planned, and constructed the facility[8], Rick's is essentially relying here on a common law principle of tort law. Wilkes-Barre v. Kaminksi Brothers, Inc., 804 A.2d 89, 92 (Pa. 2002) (Indemnity is a common law equitable remedy that shifts responsibility for damages from the primary, or active tortfeasor to the secondary or passive tortfeasor.) See also Philadelphia Electric Co. v. Hercules, Inc., 762 F.2d 303, 316-17 (3rd Cir. 1985).

Furthermore, the Anti-Deficiency Act bars a Federal employee or agency from entering into a contract for future payment of money in advance of, or in excess of, an existing appropriation. 31 U.S.C. § 1341. Consequently, no Government

---

[8]For purposes of the motion to dismiss, the Court must treat all facts alleged by plaintiff as true. However, in the event that the Court does not grant the motion to dismiss, the Government notes that NRCS did not participate in the construction phase of any part of Rick's facility, it merely provided specifications and design consultations.

employee would have possessed the authority to bind the Government to an open-ended indemnity contract in the absence of specific authorization for such an undertaking. Hercules, Inc. v. United States, 516 U.S. 417, 427 (1996). Here, there was no indemnification clause in the contract between Rick's and the NRCS, therefore, there could be no explicit authorization for indemnification.

For all of these reasons, Rick's complaint fails to allege facts sufficient to show that the necessary "bargained-for promissory exchange" occurred, Hanlin v. United States, 50 Fed. Cl. 697, 699 (2001). Rick's allegation that the Government is obligated to indemnify it for possible consequential damages purportedly arising from the Government's purportedly defective specifications is not well founded. Accordingly, the Court does not possess subject matter jurisdiction to entertain Rick's claim for equitable indemnification. See City of El Centro v. United States, 922 F.2d 816, 820 (Fed. Cir. 1995). Those portions of the complaint dealing with that cause of action should be dismissed.

Moreover, jurisdiction cannot be created in the Claims Court by "implying" a right to monetary compensation:

> Monetary claims which cannot be brought within [the Tucker Act] limits are beyond this court's jurisdiction, even though they may intimately involve the Constitution, an Act of Congress, or an executive regulation. This is the reverse of saying that this Court is not concerned with any and all pecuniary claims against the Federal Government simply because they rely upon (and in that sense are "founded upon") an aspect of Federal, constitutional, statutory or regulatory law.

Eastport Steamship Corp. v. United States, 372 F.2d at 1008; accord United States v. Testan, 424 U.S. at 400 ("grant of a right of action must be made with specificity").

Indeed, the courts have resisted arguments for implied rights to monetary damages in circumstances far more compelling than the circumstances of this case. For example, the Supreme Court held that the statute governing the "classification" of various civil service positions does not mandate compensation to employees unfairly denied appointment to a higher grade. Testan, 424 U.S. at 398-402. Similarly, a statute granting property owners a right to redeem real property sold to satisfy a lien was found not to mandate monetary compensation for violations. Murray v. United States, 817 F.2d at 1582-1583. This refusal by the courts to "imply" a right to monetary compensation (and so find jurisdiction in the Claims Court) is founded upon the principles of sovereign immunity:

> It is elementary that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued. . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit. [citation omitted], A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." [Citation omitted.]

United States v. Mitchell, 445 U.S. at 538 (emphasis added) (no jurisdiction in Claims Court to consider allegation that statute requiring Government to hold Indian lands in trust was violated); accord United States v. Testan, 424 U.S. at 400 (refusal to imply a right to monetary damages based upon principles of sovereign immunity).

## IV. Even Assuming That Rick's Amended Complaint Was Not Dismissed For Failure To Comply With A Mandatory Exhaustion Requirement, Rick's "Professional Negligence" Count Should be Dismissed For Lack of Jurisdiction because it "Sounds In Tort"

Pursuant to the Tucker Act, 28 U.S.C. § 1491, an action may be maintained in this Court only if it is "founded either upon the Constitution or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491 (emphasis added); United States v. Testan, 424 U.S. at 397. The statutory language of the Tucker Act cannot be construed as providing an explicit waiver of sovereign immunity for any type of tort claim; in fact, it explicitly does not provide a waiver for tort claims. Id.

Here, Rick's claims that it is entitled to $1 million in damages from the Government for its professional negligence in producing the specifications for various components of Ricks' SMS facility. Professional negligence is a tort theory of recovery which cannot support a claim in this Court. See, e.g., Keene Corporation v. United States, 508 U.S. 200, 214 (1993); Tchakarski v. United States, 69 Fed. Cl. 218, 221 (2005); Miller v. United States, 67 Fed. Cl. 195, 199 (2005). This Court should therefore dismiss Count III of Rick's Amended Complaint because it seeks recovery against the Government upon a tort theory that this Court lacks jurisdiction to entertain pursuant to the Tucker Act, 28 U.S.C. §1491. Aetna Casualty & Surety Company v. United States, 228 Ct. Cl. 146, 164, 655 F.2d 1047, 1059 (1971).

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court grant our motion to dismiss for lack of subject matter jurisdiction.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

/s Joan M. Stentiford
JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L St., N.W., 8th floor
Washington, D.C. 20530
Tel: (202) 616-0341
Fax: (202) 514-8624
Attorneys for Defendant

OF COUNSEL:

TROY MOUER
Attorney
Office of General Counsel
U.S. Department of Agriculture
P.O. Box 1134
Harrisburg, Pennsylvania 17108

November 9, 2006

CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of November, 2006, a copy of the foregoing "DEFENDANT'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Joan M. Stentiford