SILVERMAN BERNHEIM & VOGEL

*Attorneys at Law*

... KRAWITZ
... (215) 636-3968
...@sbvlaw.com

... SAIDEL

... Center Plaza

... PA 19102
... 569.0000
... 636.3999

... Plaza
... Avenue

... 08108
... 358 9499
... 5.4606

November 4, 2005

VIA FACSIMILE - 717-237-2238
AND FIRST CLASS MAIL
Tim Sittig
Contracting Officer
Natural Resource Conservation Service
One Credit Union Place
Suite 340
Harrisburg, PA 17110-2993

Re: Contract: 60-2037-7-340
Rick's Mushroom Service

Dear Tim:

This office represents Rick's Mushroom Service, Inc., which is the entity that succeeded as Custom Casing, Inc. ("RMS") on the above-referenced contract. I write pursuant to 41 U.S.C. §605(a) with respect to a claim by RMS against NRCS for defective design and specifications set forth in the contract.

RMS operates a Spent Mushroom Substrate ("SMS") transfer facility on Newark Road in Avondale, Pennsylvania. Pursuant to the contract between the parties, NRCS and more particularly, its engineer, Peter Vanderstappen designed and provided the specifications for an SMS staging area, the storage pad, a water diversion area, leachate containment system and spray fields in connection with the facility. Deviations from the specifications were specifically prohibited under the contract and Mr. Vanderstappen has testified under oath that RMS has never deviated from his specifications.

As a result of excessive runoff from the storage area into the impoundment designed by NRCS, an injunction was entered against RMS and RMS has been required to obtain Pennsylvania Department of Environmental Protection permits which significantly reduce the amount of spraying of leachate to the spray fields



Exhibit 1

SILVERMAN BERNHEIM & VOGEL



which is permissible under environmental regulations. Indeed, Mr. Vandersta pen prepared a "rehabilitation plan" in 2004 which recognizes that the original des gn was inadequate not only for exceptional rain events, but also was inadequate for predictable above-average rain fall in a short period of time. In particular, the area that drained into the impoundment was significantly larger than proper design should have allowed and the facility was designed without any ability for pumping ex ess capacity into tankers for removal.

Under federal contract law, by preparing the specifications and prohibi ing deviations from the specifications, the NRCS impliedly warranted that the specifications and design criteria were not defective and were suitable for the foreseeable uses of the facility. As a result of the breach of this warranty, RM has suffered substantial damages. A citizens lawsuit has been brought against RMS under the Clean Water Act and Pennsylvania Clean Streams Law which has resulted in the entry of an injunction against RMS. That injunction will require substantial d sign revisions and in all probability, the installation of a roofed structure. RMS fac s statutory liability for the attorney's fees of the citizen-plaintiff, has lost the val e of its contribution to the original design and faces liability for environmental impact The total damages exceed $5 million. This is based on the citizen-plaintiff's alleg tions of its attorney's fees and costs of environmental remediation, plus RMS' lost inv stment in the existing structure and the likely needed investment in a new roofed stru ture.

Pursuant to 41 U.S.C. §605, demand is hereby made that a contracting officer for the NRCS issue a decision on this claim within a reasonable time and that ou provide prompt notice to the undersigned of the time within which such a deci ion will be issued.

I thank you for your prompt and anticipated cooperation with this clain.

Very truly yours,

SILVERMAN BERNHEIM & VOGEL

BY: JEFFREY A. KRAWITZ, ESQUIRE

JAK/mak

SILVERMAN BERNHEIM & VOGEL

The Sittig
November 4, 2005
Page 3

## CERTIFICATION

Richard Masha hereby certifies that the above claim is made in good fa th, that the supporting data is accurate and complete to the best of his knowledge and belief that the amount requested accurately reflects the contract adjustment for which I believe the government is liable, and that I am duly authorized to certify the cl im o behalf of Rick's Mushroom Service, Inc.

Richard Masha

United States Department of Agriculture

NRCS

Natural Resources Conservation Service
One Credit Union Place, Suite 340
Harrisburg, PA 17110-2993
Ph: (717) 237-2100 Fax: (717)238-2338

CDA Path

November 14, 2005

Silverman, Bernheim, & Vogel
Attorneys at Law
Two Penn Center Plaza
Philadelphia, PA 19102

RE: Reynolds, et. al. v. Rick's Mushroom Service, et. al.; 01-CIV-3773

Dear Attorney Krawitz,

I have reviewed your letter of November 4, 2005, in which you assert a claim against the United States pursuant to the Contract Disputes Act of 1978, 41 U.S.C. §601, *et seq.* The provisions of the Contract Disputes Act apply only to Government contracts for the procurement of goods and services. (See 41 U.S.C. §602(a)). The "contract" (60-2D37-7-340) between the Government and your client is not a contract entered into for the procurement of goods and services for the benefit of the Government. It is a cooperative agreement entered into pursuant to 31 U.S.C. §6305 for purposes of carrying out certain conservation practices on your client's land, pursuant to the Watershed Protection and Flood Protection Act (16 U.S.C. 1003(6)). Accordingly, there is no contract between your client and the Government upon which the claim asserted in your letter of November 4, 2005 may be made pursuant to section 605 of the Contract Disputes Act, and the claim is denied on that basis.

This is the final decision of the Contracting Officer. You may appeal this decision to the agency board of contract appeals. If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the agency board of contract appeals and provide a copy to the Contracting Officer from whose decision this appeal is taken. The notice shall indicate that an appeal is intended, reference this decision, and identify the contract by number. With regard to appeals to the agency board of contract appeals, you may, solely at your election, proceed under the board's small claim procedure for claims of $50,000 or less or its accelerated procedure for claims of $100,000 or less. The procedures and address for the Agriculture Board of Contract Appeals are published in are published in Part 24 of Title 7 of the U.S. Code of Federal Regulations. Instead of appealing to the agency board of contract appeals, you may bring an action directly in the United States Court of Federal Claims within 12 months of the date you receive this decision.

Sincerely,

Tim Sittig

TIM SITTIG
Contracting Officer



Exhibit 2

JEFFREY A. KRAWITZ
DIRECT DIAL: (215) 636-3968
e-mail:jkrawitz@sbvlaw.com

November 9, 2005

**VIA FACSIMILE - 717-237-2238**
**AND FIRST CLASS MAIL**
Tim Sittig
Contracting Officer
Natural Resource Conservation Service
One Credit Union Place
Suite 340
Harrisburg, PA 17110-2993

Re: Contract: 60-2037-7-340
Rick's Mushroom Service

Dear Tim:

This office represents Rick's Mushroom Service, Inc., which is the entity that succeeded as Custom Casing, Inc. ("RMS") on the above-referenced contract. I write pursuant to 41 U.S.C. §605(a) with respect to a claim by RMS against NRCS for defective design and specifications set forth in the contract.

RMS operates a Spent Mushroom Substrate ("SMS") transfer facility on Newark Road in Avondale, Pennsylvania. Pursuant to the contract between the parties, NRCS and more particularly, its engineer, Peter Vanderstappen designed and provided the specifications for an SMS staging area, the storage pad, a water diversion area, leachate containment system and spray fields in connection with the facility. Deviations from the specifications were specifically prohibited under the contract and Mr. Vanderstappen has testified under oath that RMS has never deviated from his specifications.

As a result of excessive runoff from the storage area into the impoundment designed by NRCS, an injunction was entered against RMS and RMS has been required to obtain Pennsylvania Department of Environmental Protection permits which significantly reduce the amount of spraying of leachate to the spray fields which is permissible under environmental regulations. Indeed, Mr. Vanderstappen prepared a "rehabilitation plan" in 2004 which recognizes that the original design was inadequate not only for exceptional rain events, but also was inadequate for predictable above-average rain fall in a short period of time. In particular, the area that drained into the impoundment was significantly larger than proper design should have allowed and the facility was designed without any ability for pumping excess capacity into tankers for removal.



Exhibit 4

Under federal contract law, by preparing the specifications and prohibiting deviations from the specifications, the NRCS impliedly warranted that the specifications and design criteria were not defective and were suitable for the foreseeable uses of the facility. As a result of the breach of this warranty, RMS has suffered substantial damages. A citizens lawsuit has been brought against RMS under the Clean Water Act and Pennsylvania Clean Streams Law which has resulted in the entry of an injunction against RMS. That injunction will require substantial design revisions and in all probability, the installation of a roofed structure. RMS faces statutory liability for the attorney's fees of the citizen-plaintiff, has lost the value of its contribution to the original design and faces liability for environmental impact. The total damages exceed $5 million. This is based on the citizen-plaintiff's allegations of its attorney's fees and costs of environmental remediation, plus RMS' lost investment in the existing structure and the likely needed investment in a new roofed structure.

Pursuant to 41 U.S.C. §605, demand is hereby made that a contracting officer for the NRCS issue a decision on this claim within a reasonable time and that you provide prompt notice to the undersigned of the time within which such a decision will be issued.

I thank you for your prompt and anticipated cooperation with this claim.

Very truly yours,

SILVERMAN BERNHEIM & VOGEL

BY:______________________________
JEFFREY A. KRAWITZ, ESQUIRE

JAK/mak

F:\WPCNET\DOCS\31762\001\letters\National Resource.110105.WPD

**CERTIFICATION**

Richard Masha hereby certifies that the above claim is made in good faith, that the supporting data is accurate and complete to the best of his knowledge and belief, that the amount requested accurately reflects the contract adjustment for which I believe the government is liable, and that I am duly authorized to certify the claim on behalf of Rick's Mushroom Service, Inc.

Richard Masha

# SILVERMAN BERNHEIM & VOGEL

*Attorneys at Law*

KRAWITZ
(215) 636-3968
@sbvlaw.com

A. SAIDEL

Center Plaza
PA 19102
569.0000
636.3999

Plaza
Avenue
08108
358-9499
.4606

November 4, 2005

**VIA FACSIMILE - 717-237-2238**
**AND FIRST CLASS MAIL**
Tim Sittig
Contracting Officer
Natural Resource Conservation Service
One Credit Union Place
Suite 340
Harrisburg, PA 17110-2993

Re: Contract: 60-2037-7-340
Rick's Mushroom Service

Dear Tim:

This office represents Rick's Mushroom Service, Inc., which is the ent ty that succeeded as Custom Casing, Inc. ("RMS") on the above-referenced contract. I write pursuant to 41 U.S.C. §605(a) with respect to a claim by RMS against NRCS or defective design and specifications set forth in the contract.

RMS operates a Spent Mushroom Substrate ("SMS") transfer facility n Newark Road in Avondale, Pennsylvania. Pursuant to the contract between th e parties, NRCS and more particularly, its engineer, Peter Vanderstappen design ed and provided the specifications for an SMS staging area, the storage pad, a water diversion area, leachate containment system and spray fields in connection wi h the facility. Deviations from the specifications were specifically prohibited under the contract and Mr. Vanderstappen has testified under oath that RMS has never deviated from his specifications.

As a result of excessive runoff from the storage area into the impoundr ent designed by NRCS, an injunction was entered against RMS and RMS has bee required to obtain Pennsylvania Department of Environmental Protection pern its which significantly reduce the amount of spraying of leachate to the spray fiel s

F:\WPDNET\DOCS\31762\001\letters\National Resource.110105.WPD

Exhibit 3

which is permissible under environmental regulations. Indeed, Mr. Vandersta pen prepared a "rehabilitation plan" in 2004 which recognizes that the original des gn was inadequate not only for exceptional rain events, but also was inadequate for predictable above-average rain fall in a short period of time. In particular, the area that drained into the impoundment was significantly larger than proper design should have allowed and the facility was designed without any ability for pumping ex ess capacity into tankers for removal.

Under federal contract law, by preparing the specifications and prohibi ing deviations from the specifications, the NRCS impliedly warranted that the specifications and design criteria were not defective and were suitable for the foreseeable uses of the facility. As a result of the breach of this warranty, RM has suffered substantial damages. A citizens lawsuit has been brought against RM S under the Clean Water Act and Pennsylvania Clean Streams Law which has resulted in the entry of an injunction against RMS. That injunction will require substantial d sign revisions and in all probability, the installation of a roofed structure. RMS fac s statutory liability for the attorney's fees of the citizen-plaintiff, has lost the val le of its contribution to the original design and faces liability for environmental impac The total damages exceed $5 million. This is based on the citizen-plaintiff's alleg tions of its attorney's fees and costs of environmental remediation, plus RMS' lost inv stment in the existing structure and the likely needed investment in a new roofed stru ture.

Pursuant to 41 U.S.C. §605, demand is hereby made that a contracting officer for the NRCS issue a decision on this claim within a reasonable time and that ou provide prompt notice to the undersigned of the time within which such a deci ion will be issued.

I thank you for your prompt and anticipated cooperation with this clain .

Very truly yours,

SILVERMAN BERNHEIM & VOGEL

BY
JEFFREY A. KRAWITZ, ESQUIRE

JAK/mak

SILVERMAN BERNHEIM & VOGEL

Tim Sittig
November 4, 2005
Page 3

CERTIFICATION

Richard Masha hereby certifies that the above claim is made in good faith, that the supporting data is accurate and complete to the best of his knowledge and belief that the amount requested accurately reflects the contract adjustment for which I believe the government is liable, and that I am duly authorized to certify the claim on behalf of Rick's Mushroom Service, Inc.

Richard Masha

United States Department of Agriculture

NRCS

Natural Resources Conservation Service
One Credit Union Place, Suite 340
Harrisburg, PA 17110-2993
Ph: (717) 237-2100 Fax: (717)238-2338

December 23, 2005

Silverman, Bernheim, & Vogel
Attorneys at Law
Two Penn Center Plaza
Philadelphia, PA 19102

RE: Reynolds, et. al. v. Rick's Mushroom Service, et. al.; 01-CIV-3773

Dear Attorney Krawitz,

We have again reviewed your recent letters requesting that NRCS expedite the addition of a roofing system for Rick's Mushroom Service. The Natural Resources Conservation Service's ability to provide technical and financial assistance is governed by Federal statutes and regulations. The assistance that we provide must be authorized and funded by Congress. Regardless of merit or need, we can not provide assistance that exceeds what is authorized and funded by Congress. In addition, the NRCS national policy that covers the program in which Rick's received funding, caps the amount of financial assistance to any entity at $100,000.

Your request to expedite the addition of a roofing system is interpreted as a request that NRCS approve and fund such a roofing system at an approximate cost of $1.5 million. This far exceeds the national cap and must be denied.

However, NRCS does have the ability to offer within our statutory and regulatory limits, an updated design and Operations and Maintenance (O&M) plan for the Rick's Mushroom facility. The design would use the current structures, include provisions for the trucking of leachate offsite, and follow the Pennsylvania Department of Environmental Protection (PA DEP) permit guidelines. Any financial assistance would be contingent upon funding and acceptance of the design and plans by all parties.

In order for NRCS to proceed any further, we must have:

a. Rick's acknowledgment that such a plan would be considered,
b. A copy of the approved PA DEP permit, and
c. Assurances that the litigation between Rick's and the plaintiffs has been settled with the Court's approval.

If you are not satisfied with this decision, you may appeal in accordance with Part 11 of Title 7 Code of Federal Regulations, to the:



Exhibit 5

United States Department of Agriculture- National Appeals Division
8909 Purdue Road, Suite 240
Indianapolis, IN 46268
Phone: 800.541.0457
Fax: 317.875.9674

Additional information concerning the appeals process may be obtained at www.nad.usda.gov.

Sincerely,

Gary P. Smith

GARY P. SMITH
Acting State Conservationist

cc:
Robin Heard
Nicholas Mamone
William Bowers
Renee Melvin
Peter Vanderstappen