**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

-----------------------------X

RICK'S MUSHROOM SERVICE, INC.
1007-1013 Newark Road
P.O. Box 416
Avondale, PA 19311

Plaintiff,

v.

UNITED STATES OF AMERICA, acting through the
UNITED STATES DEPARTMENT OF AGRICULTURE NATURAL RESOURCE CONSERVATION SERVICE
United States Department of Agriculture
Washington, DC 20250

Defendant.

-----------------------------X

Case No. 06 255C

**SUPPLEMENTAL RESPONSE OF RICK'S MUSHROOM SERVICE, INC. TO THE GOVERNMENT'S MOTION TO DISMISS**

Pursuant to this Court's Order of January 22, 2007, Plaintiff Rick's Mushroom Service, Inc. ("Rick's") responds as follows to the declaration of Peter John Vanderstappen.

Mr. Vanderstappen's declaration is the perfect example of a "sham affidavit", obviously authored by counsel and designed to contradict the affiant's prior sworn testimony. This is not permitted as a matter of law and the affidavit should be disregarded. See, e.g., Nicolatos v.

Spring/United Mgt Co., 2006 WL 3490817 (N.D. Ga. 2006) (at *2) (citing the "sham affidavit rule," which bars use of an affidavit which contradicts prior deposition testimony). In this case, Mr. Vanderstappen now asserts that the participation of Rick's was "voluntary." This contrasts with his prior testimony that the construction of the facilities had been mandated by the Pennsylvania Department of Environmental Protection ("DEP") and that Rick's was informed that it would have to institute the controls designed by the NRCS and the Chester County Conservation District if it wanted to continue to operate (see, Supplemental Memorandum of Rick's at p. 4, item 4, citing, Vanderstappen and Davis depositions). Vanderstappen also testified previously that all of the facilities at Rick's were designed by him - - the first time he had designed any such facilities. See, Supplemental Memorandum of Rick's at p. 5, items 6 and 7. The NRCS drafted the contract and all supporting documents - - which specifically provided that there could be no deviation from the specifications established by NRCS (and Mr. Vanderstappen in particular). The NRCS determined which contractors must be used to build the facility and provided the operational and maintenance requirements for the facility as well. Supplemental Memorandum of Law at p. 5, item 10. In addition, the NRCS now acknowledges that it was in a cooperative agreement with the CCCD (**not** Rick's) to build the facilities under the Red and White Clay Watershed Protection Plan. Somehow, the Government then transforms a cooperative agreement with the CCCD and a cost sharing agreement with Rick's to a cooperative agreement with Rick's. However, there is no support in the record that any such agreement ever existed.

For Mr. Vanderstappen to assert that all of the provisions were "voluntary" and that all the NRCS could do "is provide the landowner with guidelines about how we should proceed"

(Vanderstappen declaration at ¶¶12, 14) is almost specious in its departure from the record. The following facts are undisputed:

1. The Pennsylvania DEP said that controls **must** be installed if Rick's were to operate;

2. Rick's came to the NRCS and CCCD and the NRCS presented a "take it or leave it" cost share contract, which provided that complete control of the project was in the hands of the NRCS;

3. Rick's was not permitted to deviate from **anything** - - design, operation or contractor - - or the NRCS would pull all funding and the DEP would not permit the facility to operate.

In other words, while Mr. Vanderstappen (or more accurately, his attorneys) assert that this program was "voluntary", it was voluntary only in the sense that Rick's could choose not to be in business. If the facility were to continue to operate, Rick's had no choice but to do everything Mr. Vanderstappen said. It is undisputed, even by Mr. Vanderstappen, that Rick's did everything he said and never deviated from the specifications whatsoever. The facility was built to further the NRCS - - CCCD cooperative program and accordingly, the Government - - not Rick's - - **procured** the construction of this facility. The NRCS may twist words from there normal meaning only to a certain point. In this case, it would be a travesty of justice to permit the NRCS from avoiding liability for what Mr. Vanderstappen acknowledges was a defective design in a project procured by the NRCS and for which Rick's already has suffered millions of dollars in damage. Notably, the Government has seemingly forgotten that Rick's has done everything the Government has told it to do in the administrative process. Rick's filed its administrative claim and was informed that it could appeal to this Court. At a minimum, there

should be a judicial estoppel against the change of position taken by the Government. The Government, acting as a tribunal, is responsible for its directives. It is unseemly for the Government to provide a right to appeal and then claim that the litigant "should have known better." As the parties discussed at oral argument, the Government should either be estopped from contesting jurisdictional under the Contract Disputes Act, or this case should be transferred to the United States District Court for the Eastern District of Pennsylvania where, according to the Government's argument, it could have been filed. However, dismissal would reward the Government's behavior.

**WILENTZ, GOLDMAN & SPITZER, P.A.**

Dated: January 29, 2007

BY: ______________________________
Jonathan J. Bart, Esquire

Two Penn Center Plaza, Suite 910
Philadelphia, PA 19102
Tel: 215-569-0000
Fax: 215-636-3999

**CERTIFICATE OF SERVICE**

JONATHAN J. BART, ESQUIRE, hereby certifies that he did cause a copy of Plaintiff's Supplemental Response to the Government's Motion to Dismiss to be served on the following parties as directed by the Notice of Electronic Filing:

Troy B. Mouer, Esquire
Office of the General Counsel
U.S. Department of Agriculture
P.O. Box 1134
Harrisburg, PA 17108

Joan M. Stentiford, Esquire
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L. St., N.W., 8th Floor
Washington, DC 20530

Date: January 29, 2007

Jonathan J. Bart, Esquire