IN THE UNITED STATES COURT OF FEDERAL CLAIMS

-----------------------------X

RICK'S MUSHROOM SERVICE, INC.
1007-1013 Newark Road
P.O. Box 416
Avondale, PA 19311

Plaintiff,

v.

UNITED STATES OF AMERICA, acting through the
UNITED STATES DEPARTMENT OF AGRICULTURE NATURAL RESOURCE CONSERVATION SERVICE
United States Department of Agriculture
Washington, DC 20250

Defendant.

-----------------------------X

Case No. 06 255C

**MOTION OF RICK'S MUSHROOM SERVICE, INC. TO RECONSIDER OR AMEND THIS COURT'S ORDER OF APRIL 10, 2007 PURSUANT TO RULE 59(e) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Plaintiff Rick's Mushroom Service, Inc. ("Rick's"), by its undersigned counsel, hereby moves this Court for an Order pursuant to Rule 59(e) of the Federal Rules of Civil Procedure amending and/or clarifying this Court's Order of April 10, 2007:

1. In this Court's Order of April 10, 2007, this Court held that Rick's did not state a claim under the Contract Disputes Act as the underlying contract was a "Cooperative

Agreement" but had satisfied its administrative exhaustion requirement and stated viable theories for relief under the Spearin doctrine.

2. Rick's also alleged in the Amended Complaint a claim under the Tucker Act. The government admitted it its reply brief that "Rick's cost sharing agreement with the NRCS is subject to the USDA Administrative Appeal Scheme, including the provision governing judicial review. 7 U.S.C. §§6912(e), 6991-6999, 7 C.F.R. §§614.1, 614.3. **Judicial review over USDA administrative claims is statutorily reserved to the United States District Courts. 7 U.S.C. §6999."** Government Supplemental Memorandum in Support of Motion to Dismiss at p. 4.

3. Rick's also asserted a professional negligence claim (Count III) which was not addressed in the Court's Opinion

4. While holding that Rick's had stated a viable Spearin claim and that the administrative exhaustion requirement had been satisfied, it did not address why the Tucker Act claim was not viable and should not be transferred to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1631, as requested at argument.

5. If the Court's determination was that there is no conceivable subject matter jurisdiction for this claim in **any** court, based upon its discussion concerning the Anti-Deficiency Act, it is respectfully submitted that the Court erred, as there was no record on the crucial issue as to whether the allocated funds had been exhausted. Moreover, if, as the Government maintains, jurisdiction over the Tucker Act USDA claim is reserved to the District Court, that Court should make the determination as to whether subject matter jurisdiction exists.

6. Given the absence of a record on this critical issue, the court should have denied the motion pending furthers discovery or transfer the case to a court that has jurisdiction and

venue of that claim in this case, i.e., the United States District Court for the Eastern District of Pennsylvania.

7. Moreover, the Court never addressed the professional negligence claim other than to state that a viable claim for professional negligence had been averred. In that case, the Complaint should be transferred to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1631 in the interest of justice to be pursued under the Tort Claims Act.

8. Rick's accordingly requests clarification of the decision concerning Count II or that the Court transfer the claim to the United States District Court for the Eastern District of Pennsylvania such that Rick's is not prejudiced by the possible expiration of any potential statute of limitations.

In further support of this Motion, Rick's incorporates by reference the annexed Memorandum of Law.

Respectfully submitted,

**WILENTZ, GOLDMAN & SPITZER, P.A.**

Date: April 24, 2007

BY: /s/ Jonathan J. Bart
Jonathan J. Bart, Esquire

Two Penn Center Plaza, Suite 910
Philadelphia, PA 19102
Tel: 215-569-0000
Fax: 215-636-3999
e-mail: jbart@wilentz.com