# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| -----------------------------X | |
| RICK'S MUSHROOM SERVICE, INC.<br>1007-1013 Newark Road<br>P.O. Box 416<br>Avondale, PA 19311 | Case No. 06 255C |
| Plaintiff, | |
| v. | |
| UNITED STATES OF AMERICA, acting through the<br>UNITED STATES DEPARTMENT OF AGRICULTURE NATURAL RESOURCE CONSERVATION SERVICE<br>United States Department of Agriculture<br>Washington, DC 20250 | |
| Defendant. | |
| -----------------------------X | |

**MEMORANDUM OF LAW OF DEFENDANT RICK'S MUSHROOM SERVICE IN SUPPORT OF ITS MOTION TO RECONSIDER, AMEND AND/OR CLARIFY <u>THIS COURT'S ORDER OF APRIL 10, 2007</u>**

Plaintiff Rick's Mushroom Service, Inc. ("Rick's"), by its undersigned counsel, respectfully submits this Memorandum of Law in Support of its Motion for Reconsideration and/or Amendment or Clarification of the Court's Order of April 10, 2007.

Rick's seeks reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure of this Court's Order of April 10, 2007. As this Motion has been filed within 10 days

of the date of the Order, not including intervening weekends, this Motion is timely. Rule 59 permits reconsideration where there is a "need to correct clear error or prevent manifest injustice." Lemmons v. Georgetown University, 2007 WL 619508 (D.D.C. 2007) (at *8). Because the existing decision was (1) based on a factual determination not of record, and (2) might prejudice Rick's in terms of the statute of limitations when the case could be transferred pursuant to 28 U.S.C. §1631, it is respectfully submitted that this Motion should be granted.

On April 10, 2007, the Court issued a detailed and thoughtful analysis of the issues raised by the Government's Motion to Dismiss the Amended Complaint of Rick's. A copy of the Opinion is attached hereto as Exhibit "A". Rick's Amended Complaint (Exhibit "B" hereto) asserted three claims, Count I for a violation of the implied in fact warranty arising under Spearin Doctrine cognizable under the Contract Disputes Act, Count II a for breach of contract cognizable under the Tucker Act and Count III for a claim for professional negligence which would arise under the Federal Tort Claims Act.[1] The professional negligence claim was added as a supplemental jurisdiction claim to the extent that the Court exercised its original jurisdiction over the two contract claims.

In its decision, the Court held that the underlying contract constituted a "cooperative agreement", the breach of which was not cognizable under the Contract Disputes Act. The Court further held that while Rick's stated viable Spearin claims under the Tucker Act, the Court lacked jurisdiction to consider them based upon the Anti-Deficiency Act and that the Supreme

[1] While the Tort Claims Act was not specifically identified in the pleading, a professional negligence claim necessarily would come under the rubric of the Tort Claims Act which provides, in relevant part, that averments of "claims against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred . . ." constitutes Tort Claims Act allegations. 28 U.S.C. §1346(b)(1).

Court case of Hercules, Inc. v. United States, 516 U.S. 417 (1996) was not distinguishable with respect to the effect of the Anti-Deficiency Act. Finally, the Court did not provide any specific analysis regarding the professional negligence claim, although it is clear from the Court's analysis that it believed, in the Courts' words, "that the implied warranty [Spearin Doctrine] was breached by the NRCS' **negligent design of** the SMS transfer facility, which caused wastewater spillage. The spillage of wastewater lead to the suit filed by Plaintiffs in Reynolds v. Rick's Mushroom Service, Inc., No. 01-3773 (E.D.Penn., filed July 26, 2001), and the finding by the Federal District Court that the SMS transfer facility was operating in violation of applicable regulations." Opinion at p. 11.

Clearly, therefore, the Court believed that a viable claim for professional negligence was stated in Count III of the Complaint. It therefore had the right to transfer the claim to where jurisdiction would exist under the Federal Tort Claims Act pursuant to 28 U.S.C. §1631, and indeed, this request, which was made at oral argument to the extent that the Court would dismiss the contract claims for lack of jurisdiction, is a relatively routine one. See, e.g., Tarrant v. United States, 71 Fed. CL. 554, 557 (Fed.Cl. 2006).[2] Because jurisdiction clearly lies under the Federal Tort Claims Act in a straightforward professional negligence claim and the Court has held that all administrative exhaustion requirements have been satisfied, the Court should have transferred to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1631.

[2] Tarrant also is analogous to the extent that as in this case, the Government provided notice of the right to sue in the Court of Federal Claims, only to take the position that there was no jurisdiction in that Court. The Court felt that that was additional grounds to warrant a transfer to the District Court upon dismissal for lack of subject matter jurisdiction.

Before the Court amends its Order to effectuate such relief, it is respectfully submitted that the Court erred in ruling on the subject matter jurisdiction issue and dismissing Count II under the Anti-Deficiency Act in this stage of the proceedings. First of all, in the absence of Count I, the Government's argument is that exclusive jurisdiction on Count II lies in the District Court. Thus, the case should be transferred prior to making a ruling under the Anti-Deficiency Act. Moreover, in order for the Court to conclude that that indemnification claim "exceed[ed] an amount available in an appropriation or fund for the expenditure or obligation," [31 U.S.C. §1341(A), cited at p. 13 of the Court's Opinion], the Court necessarily made a factual finding that there was no sufficient appropriation to pay the indemnification claim. Not only is that a factual issue not properly determined on a motion to dismiss, it is respectfully submitted that the Court erred in making such a finding based on the evidence presented to it. The Watershed Protection and Flood Prevention Act, PL 83-566 (attached to the Plaintiff's Response to the Motion to Dismiss as Exhibit "A" and attached hereto as Exhibit "C") states specifically in §1037 that: there are hereby authorized to be appropriated such sums as may be necessary to carry out the purposes of this chapter, <u>such sums to remain available until expended</u>." Peter Vanderstapp of the NRCS provided the only testimony concerning the allocations as follows: "A: Washington has to approve it [funding] and then on a yearly basis they make a money allocation to our state and we have several of these projects across the state and then someone divvies it up to decide how much money is going to go to the red and white clay project. **And that typically has been $500,000 to $700,000 that we have obligated per year.** Q: To this specific project to Red White Clay Creek? A. To Red White Clay Creek, correct. Vanderstappen deposition at pp. 26-27 (Exhibit "D" hereto).

There is no testimony whatsoever on this record as to the total appropriation or funds available to the NRCS under the Watershed Protection and Flood Prevention Act or the amount actually spent, which presumably would far exceed the five to seven hundred thousand dollars available per year. Therefore, on this record it is respectfully submitted that the Court erred by making a factual finding that "The contracting officer for the NRCS agreement was not authorized through appropriated funds to indemnify plaintiff." Opinion at p. 13. The Anti-Deficiency Act does not require that the funds be specifically appropriated to indemnity purposes. Moreover, as the Court specifically recognizes, the Spearin Doctrine is an implied warranty-in-fact that accordingly is implied in the very contract which was funded. By providing the warranties and specifications to Rick's and not permitting any deviation, by choosing the contractors which were to be utilized and by supervising the construction, the NRCS also warranted the specifications and indemnification for the breach of that warranty within that appropriation. It was necessarily within their contemplation as a matter of law that they might be liable for indemnification if the specifications were bad. This contrasts sharply with Hercules, where nothing was known of the potential toxic effects of Agent Orange. Based on the Court's analysis, only if the entire appropriation were exhausted, could the Anti-Deficiency Act might be implicated. However, there is no record by which the Court could make that determination that appropriated funds were exhausted. On a motion to dismiss, the facial subject matter jurisdiction that exists requires the Government to prove the absence of sufficient appropriations to pay the indemnification claim. It has not done so and it is not Rick's burden (nor is it possible for it to do so without discovery) to prove the negative. Accordingly, to the extent that the Court's decision relies on the Anti-Deficiency Act and the absence of appropriations to pay for the indemnification claim, it is respectfully submitted that the Court

erred in its determination that there must be specific appropriation for the indemnification claim since it is an implied claim and then make the additional finding that there were no allocations for such a claim.[3]

However, even assuming that the Court stands on its Opinion, that leaves Count III for professional negligence. The Court held specifically that a professional negligence claim was stated under the facts alleged in the Complaint. The Federal Tort Claims Act simply provides that there is jurisdiction in the federal district courts if a tort claim is stated which would be cognizable under state law. Clearly, the professional negligence claim states a cause of action under Pennsylvania law based on the negligent misrepresentation of the plans and specifications and there are numerous cases under Pennsylvania law holding that this fact pattern states a viable cause of action. See, e.g., Williams Controls, Inc. v. Parente Randolph Orlando, Carey, & Associates, 39 F.Supp. 2d 517, 525 (M.D.Pa. 1999) citing, Linde Enters Inn v. Hazelton City Authority, 412 Pa. Super 67, 602 897, app.den. 533 Pa. 601, 617 A.2d 1275 (1992). ("the Plaintiff/Contractor argued that the engineering firm was responsible under Pennsylvania law for deficiencies in its design and specifications. . . . the Pennsylvania Superior Court agreed that engineers were liable for any negligence in connection with the designs and specifications . . ."). Here, there is the requisite privity between Rick's and the NRCS (although whether that itself is required is in question) and there is no dispute that the NRCS provided the plans and specifications from which deviation was not permitted. Accordingly, there is a viable claim

---

[3] It is also respectfully submitted that the myriad of distinctions with Hercules recognized by the Court renders Hercules inapposite under the facts of this case. Hercules essentially held that the long term health effects of the product being produced could not have been within the contemplation of the Government or its officials and accordingly, no monies could have been appropriated for that purpose. However here, there is precisely an opposite implication because of the implied warranty of the fitness of the specifications under Spearin. Rick's requests that the Court once again look at Hercules and reevaluate whether the use of the Anti-Deficiency Act in Hercules was not based on the facts of that case.

under the Federal Tort Claims Act for professional negligence. This Court also has held that all administrative exhaustion requirements have been made given the intransigence of the Government and involvement of the Government in virtually every step of the Federal Court litigation involving Rick's.

Thus, to the extent that the Court does not reconsider its decision that the Anti-Deficiency Act bars subject matter jurisdiction on the contract claim, it is respectfully submitted that Count III of the Complaint for professional negligence should be transferred pursuant to 28 U.S.C. §1631 to the proper court which would have jurisdiction, namely, the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**WILENTZ, GOLDMAN & SPITZER, P.A.**

Date: April 24, 2007

BY: /s/ Jonathan J. Bart

Jonathan J. Bart, Esquire

Two Penn Center Plaza, Suite 910
Philadelphia, PA 19102
Tel: 215-569-0000
Fax: 215-636-3999
e-mail: jbart@wilentz.com

# TABLE OF AUTHORITIES

## Cases

Hercules, Inc. v. United States
516 U.S. 417 (1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,6

Lemmons v. Georgetown University
2007 WL 619508 (D.D.C. 2007) (at *8) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Linde Enters Inn v. Hazelton City Authority
412 Pa. Super 67, 602, 897, app. den. 533 Pa. 601, 617 A.2d 1275 (1992) . . . . . . . . . . .6

Reynolds v. Rick's Mushroom Service, Inc.
No. 01-3773 (E.D.Penn., filed July 26, 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

Tarrant v. United States
71 Fed. CL. 554, 557 (Fed.Cl. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

Williams Controls, Inc. v. Parente Randolph Orlando Carey & Associates
39 F.Supp. 2d 517, 525 (M.D.Pa. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## Statutes

28 U.S.C. §1631. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2,3,7

28 U.S.C. §1346(b)(1) ). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

31 U.S.C. §1341(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4