No. 06-255C
(Judge Christine O.C. Miller)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

RICK'S MUSHROOM SERVICE, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER, AMEND AND/OR CLARIFY THIS COURT'S ORDER OF APRIL 10, 2007**

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

KATHRYN A. BLEECKER
Assistant Director

JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L St., N.W., 8th floor
Washington, D.C. 20530
Tel: (202) 616-0341
Fax: (202) 514-8624
Attorneys for Defendant

OF COUNSEL:

TROY MOUER
Attorney
Office of General Counsel
U.S. Department of Agriculture
P.O. Box 1134
Harrisburg, Pennsylvania 17108

May 8, 2007

## TABLE OF CONTENTS


I. Standard of Review .......... 1

II. The Court Correctly Found That It Did Not Possess Jurisdiction To Entertain Any Of Rick's Claims, And Rick's Does Not Identify Any Manifest Injustice In The Court's Decision .......... 3

III. The Court Correctly Concluded That The Anti-Deficiency Act Precluded The Government From Entering Into An Open-Ended Indemnity Contract .......... 4

A. The Anti-Deficiency Act Requires That There Be An Appropriation Sufficient To Meet Any Government Obligation At The Time A Contract Is Negotiated .......... 6

IV. There Is No Basis To Transfer This Case To District Court .......... 8

A. The District Court Would Lack Jurisdiction Over Rick's Claim For Indemnification .......... 8

B. Rick's Has Not Complied With The Requirements Of The Federal Tort Claims Act, Thus The District Court Would Not Possess Jurisdiction To Entertain The Claim for Professional Negligence .......... 10

1. Rick's Has Not Exhausted the Administrative Pre-requisites To Bring A Claim Under The Federal Tort Claims Act .......... 11

2. Rick's Claim Is Untimely Under The Federal Tort Claims Act .......... 12

CONCLUSION .......... 13

# TABLE OF AUTHORITIES

## CASES

Bastek v. Federal Crop Ins. Corp.,
145 F.3d 90 (2d Cir. 1998) ........ 9

Brown v. United States,
105 F.3d 621 (Fed. Cir. 1997) ........ 10

Cedars-Sinai Med. Ctr. v. Watkins,
11 F.3d 1573 (Fed. Cir. 1993) ........ 5

Chippewa Cree Tribe of Rocky Boy's Reservation v. United States,
73 Fed. Cl. 154 (2006) ........ 1, 2

Citizens Federal Bank, FSB v. U.S.,
53 Fed. Cl. 793 (2002) ........ 2

Deaf Smith County Grain Processor, Inc. v. Glickman,
162 F.3d 1206 (D.C. Cir. 1998) ........ 9

Florida Power and Light Co. v. U.S.,
66 Fed. Cl. 93 (2005) ........ 2

Franconia Assocs. v. United States,
44 Fed. Cl. 315 (1999) ........ 2

Fru-Con Constr. Corp. v. United States,
44 Fed. Cl. 298 (1999) ........ 2

Gold Dollar Warehouse, Inc. v. Glickman,
211 F.3d 93 (4th Cir. 2000) ........ 9

Henderson County Drainage Dist. No. 3 v. United States,
55 Fed. Cl. 334 (2003) ........ 3, 11

Hercules, Inc. v. United States,
516 U.S. 417 (1996) ........ 6, 7, 8

Jarvis v. United States.,
45 Fed. Cl. 19 (1999) ........ 6

Kleissler v. United States Forest Service,
183 F.3d 196 (3d Cir. 1999) ........ 9

Massachusetts Bay Transp. Authority v. United States,
254 F.3d 1367 (Fed. Cir. 2001) .......... 1

Pacific Gas and Elec. Co. v. United States,
58 Fed. Cl. 1 (2003) .......... 2

Reynolds v. Army and Air Force Exch. Serv,
846 F.2d 746 (Fed. Cir. 1988) .......... 5

Roma v. United States,
344 F.3d 352 (3rd Cir. 2003) .......... 11

Seldovia Native Ass'n, Inc. v. United States,
36 Fed. Cl. 593 (1996) .......... 3

Steel Co. v. Citizens for a Better Env't,
523 U.S. 83 (1998) .......... 5

Wm. T. Thompson v. United States,
26 Cl. Ct. 17 (1992) .......... 6, 7

Tri-County Business Campus Joint Venture v. Clow Corp.,
792 F.Supp. 984 (E.D. Pa.1992) .......... 12

United States v. Sherwood,
312 U.S. 584 (1941) .......... 9

United States v. Spearin,
248 U.S. 132 (1918) .......... 3, 4, 5

Urie v. Thompson,
337 U.S. 163 (1949) .......... 12

Warminster Tp. Mun. Authority v. United States,
903 F.Supp. 847 (E.D. Pa. 1995) .......... 12

Yuba Natural Resources, Inc. v. United States,
904 F.2d 1577 (Fed. Cir. 1990) .......... 1

Zeleznik v. United States,
770 F.2d 20 (3rd Cir. 1985), cert. denied,
475 U.S. 1108 (1986) .......... 12

## STATUTES

7 U.S.C. § 6912(e) ........................................ 5, 9

7 U.S.C. § 6999 ........................................ 8, 9

28 U.S.C. § 41 ........................................ 9

28 U.S.C. § 1491 ........................................ 4

28 U.S.C. § 1491(a)(1) ........................................ 4, 10

28 U.S.C. § 1631 ........................................ 8, 10

28 U.S.C. § 2401(b) ........................................ 10, 12, 13

28 U.S.C. § 2675(a) ........................................ 11

31 U.S.C. § 1341 ........................................ 4, 6, 7, 8

41 U.S.C. § 609(a) ........................................ 3

7 C.F.R. § 614.3(a)(3)(v) ........................................ 9

7 C.F.R. § 614.17 ........................................ 5

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RICK'S MUSHROOM SERVICE, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-255C<br>(Judge Christine O.C. Miller) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER, AMEND AND/OR CLARIFY THIS COURT'S ORDER OF APRIL 10, 2007**

On April 10, 2007, the Court issued its Opinion and Order granting defendant's motion to dismiss for lack of jurisdiction. ("Opinion"). Rick's Mushroom Service ("Rick's") moves for reconsideration of that opinion and order. On April 26, 2007, the Court ordered the United States to respond to the motion. For the reasons below, we oppose the motion for reconsideration.

I. Standard of Review

Although Rick's states that its Motion for Reconsideration ("Pl. Mot.") is controlled by Rule 59(e) of the Federal Rules of Civil Procedure, it should be noted that its motion actually is controlled by Rule 59(e) of the Rules of the United States Court of Federal Claims. The Court may reconsider its prior judgment under RCFC 59. Chippewa Cree Tribe of Rocky Boy's Reservation v. United States, 73 Fed. Cl. 154, 157 (2006). The decision to grant or deny a motion for reconsideration is left to the sound discretion of the Court. Massachusetts Bay Transp. Authority v. United States, 254 F.3d 1367, 1378 (Fed. Cir. 2001); Yuba Natural Resources, Inc. v. United States, 904 F.2d 1577, 1583

(Fed. Cir. 1990). The Court should consider such a motion with "exceptional care," Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 300 (1999).

The limited circumstances in which the Court of Federal Claims may grant a motion to reconsider are to correct manifest errors of law or fact upon which the judgment is based, or to prevent manifest injustice. See Florida Power and Light Co. v. U.S., 66 Fed.Cl. 93, 96 (2005). RCFC 59 is "not intended to give an unhappy litigant an additional chance to sway the court." Citizens Federal Bank, FSB v. U.S., 53 Fed.Cl. 793, 794 (2002).

> The decision to grant or deny a motion for reconsideration...lies largely within the discretion of the trial court. A movant must support its motion by a showing of extraordinary circumstances which justify relief. By the same token, Rule 59 may not be used to re-litigate legal issues previously considered and resolved by the court. A movant may not merely recapitulate cases and arguments considered by the court before rendering its original decision.

Florida Power and Light Co. v. U.S., 66 Fed. Cl. at 96 (internal citations and quotations omitted).

Thus, Rick's must establish that the Court made a manifest error of law or mistake of fact in its order dismissing the case. Chippewa Cree, 73 Fed. Cl. at 157; Pacific Gas and Elec. Co. v. United States, 58 Fed. Cl. 1, 2 (2003); Franconia Assocs. v. United States, 44 Fed. Cl. 315, 316 (1999). It may not use this motion for reconsideration merely as an "additional chance to sway the court." Chippewa Cree, 73 Fed. Cl. at 157. Rather, the movant must show: (1) that an intervening change in the controlling law has occurred; (2) that previously unavailable evidence is now available; or (3) that the motion is necessary to prevent manifest injustice. Henderson County Drainage Dist. No. 3 v. United States, 55 Fed. Cl. 334, 337 (2003).

These prerequisites are necessary because "'[t]he litigation process rests on the assumption that both parties present their case once, to their best advantage;' a motion for reconsideration thus should not be based on evidence that was readily available at the time the motion was heard." Seldovia Native Ass'n, Inc. v. United States, 36 Fed. Cl. 593, 594 (1996) (citation omitted).

Rick's does not allege that there is additional evidence, not previously considered, nor that there has been any intervening change in the law. Rather, Rick's claims that reconsideration is warranted here to "correct clear error, or prevent manifest injustice." Pl. Mot. 2.

II. The Court Correctly Found That It Did Not Possess Jurisdiction To Entertain Any Of Rick's Claims, And Rick's Does Not Identify Any Manifest Injustice In The Court's Decision

Rick's raised three claims in its amended complaint: 1) a violation of the implied-in-fact warranty arising under the Spearin doctrine; 2) breach of contract cognizable under the Tucker Act; and 3) professional negligence. In its order granting the Government's motion to dismiss, the Court correctly dismissed each of these claims. Rick's has not identified any manifest injustice in any part of the Court's decision.

The Court correctly found that the agreement between Rick's and the Natural Resources Conservation Service ("NRCS") had no procurement purpose, and thus did not give rise to jurisdiction under the Contract Disputes Act, 41 U.S.C. § 609(a). Opinion at 11. Similarly, the Court held that the agreement between the parties did not constitute a valid contract under the Tucker Act, 28 U.S.C. § 1491, because the Anti-Deficiency Act, 31 U.S.C. § 1341, precluded the contracting officer from mutually intending to enter an open-ended contract for indemnification. Opinion at 14. Finally,

the Court correctly dismissed Rick's claim for professional negligence in the preparation of the specifications as sounding in tort, thereby exceeding the limited jurisdiction of this Court. See 28 U.S.C. § 1491(a)(1).

III. The Court Correctly Concluded That The Anti-Deficiency Act Precluded The Government From Entering Into An Open-Ended Indemnity Contract

This Court appropriately addressed the law and effect of the Anti-Deficiency Act, finding that "[t]he Contracting Officer for the NRCS Agreement was not authorized through appropriated funds to indemnify plaintiff" Opinion at 13.[1] In so holding, the Court properly pointed to the $100,000 funding cap to an individual participant in the program, which was set forth in a December 23, 2005 letter that the Government previously furnished in the record.[2] In addition to clearly setting forth a funding cap, Rick's also was given notice of its appeal rights from this adverse decision.[3] If Rick's disagreed with the conclusion by NRCS in the December 23, 2005 letter, that the $100,000 cap prevented the NRCS from granting Rick's request for indemnification,

[1] As an initial matter, the United States continues to believe that a claim for equitable indemnification derived from United States v. Spearin, 248 U.S. 132 (1918), can not be advanced in the present factual situation due to the lack of an agreement with a contractor to acquire goods and services (i.e. a procurement contractor). This Court has correctly determined that the contract entered into between NRCS and Rick's was that of a cooperative agreement (Court's Opinion, at 10-11), thus, there is no "contractor" in the sense that Spearin uses the term. Spearin, 248 U.S. at 136. Accordingly, it continues to be the position of the United States that Spearin does not apply to the current situation, as no Spearin warranty could exist between NRCS and a participant in a cost-share program.

[2] See Gary P. Smith's letter to Attorney Krawitz of December 23, 2005, a true and correct copy of which is attached hereto as Exhibit A. This letter was originally attached to Defendant's Brief in Support of Motion to Dismiss Amended Complaint as Exhibit 5, and was cited in this Court's Opinion on page 14.

[3] See id.

Rick's should have exercised its administrative appeal rights. These rights were explained to Rick's in the letter from Gary Smith, so Rick's was clearly aware of them, and the fact that the administrative appeal process must be exhausted, prior to seeking judicial review of the NRCS' decision. See Exhibit A;
7 U.S.C. § 6912(e); 7 C.F.R. § 614.17. Rick's however, elected instead to file a contract-based action against the NRCS in this Court, instead of pursuing an administrative appeal with the NRCS.

As the Court correctly noted, where jurisdictional facts are disputed, the Court is entitled to, and has the authority to, find jurisdictional facts. Opinion at 4. Thus, Rick's claim that there was something improper about making a finding of fact with respect to a motion to dismiss is unfounded and incorrect. See, e.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 88-89 (1998); Reynolds v. Army and Air Force Exch. Serv, 846 F.2d 746, 747 (Fed. Cir. 1988); Cedars-Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1584 (Fed. Cir. 1993). To the extent the $100,000 cap indicated the Government's lack of intent to contract to indemnify Rick's, it is a jurisdictional fact within the Court's authority to find.

A. The Anti-Deficiency Act Requires That There Be An Appropriation Sufficient To Meet Any Government Obligation At The Time A Contract Is Negotiated

Contracts entered into for which no appropriations have been made are void ab initio because they violate the Anti-Deficiency Act. The Anti-Deficiency Act bars a Federal employee or agency from entering into a contract for future payment of money in advance of, or in excess of, an existing appropriation. 31 U.S.C. § 1341. Therefore, as the Court correctly found, no Government employee would have possessed the

authority to bind the Government to an open-ended indemnity contract in the absence of specific authorization for such an undertaking. Hercules, Inc. v. United States, 516 U.S. 417, 427 (1996). As this Court has held:

> Open-ended liabilities would violate the Anti-Deficiency Act, 31 U.S.C. § 1341 (1994), and would be unauthorized as a matter of law. See Hercules, 516 U.S. at 427, 116 S.Ct. 981. Reading the agreement to include such a promise would thus be strongly disfavored because government officials are presumed to have knowledge of the Anti-Deficiency Act and its prohibition on open-ended indemnity for third-party liability. See id. at 426-28, 116 S.Ct. 981.

Jarvis v. United States., 45 Fed.Cl. 19, 20 (1999).

The Anti-Deficiency Act requires an existing appropriation at the time the contract is entered into. Wm. T. Thompson v. United States, 26 Cl. Ct. 17, 29 (1992). Plaintiff's suggestion that it would be appropriate for the Court to make a finding of fact to see, if there might, by happenstance, be leftover funds in the NRCS's appropriation to pay its claim is misguided. The question is not, as Rick's would have it, whether the NRCS has the money to pay its claim for indemnification, the question is whether the United States has any liability under the contract, whether express or implied, to indemnify Rick's. At the time Rick's and the NRCS entered into this contract, the parties did not provide for indemnification in any amount, thus there was clearly no appropriation available to pay any such claim.

In the absence of any identified appropriation to pay any indemnification claim that Rick's might bring, the contracting officer had no ability to enter a binding contract for indemnification. 31 U.S.C. § 1341; Hercules, 516 U.S. at 427.

For this very reason, implied-in-fact indemnification clauses are disfavored in the law, because they result in finding contracts into which the contracting officer lacked

authority to enter. Thompson, 26 Cl. Ct. at 29. Rick's claim must fail, therefore, because Rick's cannot establish that the contracting officer here had authority to enter a binding indemnification. For indemnity to exist, "there must be either a prior appropriation to cover the possible costs of indemnity and/or a statutory exception to this rule permitting such payments. Thompson, id., (citing Assumption by Government of Contractor Liability to Third Persons – Reconsideration, 62 Comp. Gen. 361 (1983)).

Nor, as the Court correctly found, was Rick's able to "provide citation to any authority or other source that authorizes the Contracting Officer involved in the NRCS Agreement to bind the Government to an open-ended indemnity contract" Opinion at 13-14. For all of these reasons, this Court properly held that Rick's complaint failed to "plead the requirements of a valid contract, as no mutual intent to contract could have existed due to the preclusive effect of the Anti-Deficiency Act." Opinion at 14. Accordingly, Rick's is not entitled to the relief sought in its motion.

## IV. There Is No Basis To Transfer This Case To District Court

### A. The District Court Would Lack Jurisdiction Over Rick's Claim For Indemnification

Rick's also requests that this Court exercise its authority pursuant to 28 U.S.C. § 1631, and transfer this case to the United States District Court for the Eastern District of Pennsylvania. Pl. Br. at 3. Section 1631 of Title 28 of the United States Code, confers authority on this Court to transfer a case to cure want of jurisdiction. As we demonstrate below, the district court would not possess jurisdiction over Rick's claims so there is no basis for transfer.

Specifically, Rick's requests that the Court transfer the professional negligence claim, as well as to vacate the ruling based on the Anti-Deficiency Act, and transfer the case to district court, for a finding of fact as to whether there were appropriated funds available to pay its indemnification claim. Pl. Brief at 4. We have already established that a post facto determination as to the amount of available appropriated funds is irrelevant to the preclusive effect of the Anti-Deficiency Act, because the funds must be extant and identifiable at the time the contract is entered into. 31 U.S.C. § 1341; Hercules, 516 U.S. at 427.

Additionally, transferring the case to district court would be a useless act. As we argued in our motion to dismiss the amended complaint, the district court has exclusive jurisdiction to hear appeals from final decisions of the National Appeals Division ("NAD"). 7 U.S.C. § 6999. However, this jurisdictional grant extends only to final determinations of the National Appeals Division. Id. Rick's does not have a final decision from the NAD because Rick's did not exhaust the administrative appeals set out in 7 U.S.C. § 6912(e).[4] As a result, Rick's cannot now establish that the district court in Pennsylvania would possess jurisdiction to entertain its claims against the NRCS, pursuant to 7 U.S.C. § 6999.

Having failed to exhaust the administrative remedies that culminate in the statutory grant of jurisdiction to the district courts provided in 7 U.S.C. § 6999, the

[4] Additionally, plaintiff previously argued, and this Court found, that the agreement between Rick's and the NRCS did not constitute an adverse "program decision" within the meaning of 7 U.S.C. § 6912(e), and 7 C.F.R. § 614.3(a)(3)(v), thus it is debatable whether Rick's could pursue the administrative remedies at this time. Opinion at 5.

district court would not possess jurisdiction to entertain Rick's claims. Rick's requests that the Court transfer the case to the United States District Court for the Eastern District of Pennsylvania. Pl. Brief at 3. The governing circuit there is the United States Court of Appeals for the Third Circuit. 28 U.S.C. § 41. The Third Circuit is one of four Federal circuit courts of appeals that have held 7 U.S.C. § 6912(e) to require a plaintiff to exhaust administrative remedies before suing the Department of Agriculture in Federal district court. Kleissler v. United States Forest Service, 183 F.3d 196, 200-01 (3d Cir. 1999); Deaf Smith County Grain Processor, Inc. v. Glickman, 162 F.3d 1206, 1214 (D.C. Cir. 1998); Bastek v. Federal Crop Ins. Corp., 145 F.3d 90, 94-95 (2d Cir. 1998); Gold Dollar Warehouse, Inc. v. Glickman, 211 F.3d 93, 98 (4th Cir. 2000).

The United States "as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586 (1941) (citations omitted). The Government has not waived sovereign immunity to allow the Department of Agriculture to be sued under any other authority. The district court would therefore not possess jurisdiction to entertain Rick's claims and there is no basis for this Court to exercise its authority to transfer this case pursuant to 28 U.S.C. § 1631.

Rick's has not demonstrated any manifest injustice caused by the Court's April 10, 2007 order, nor any other grounds warranting reconsideration of that order and the motion should therefore be denied.

B. Rick's Has Not Complied With the Requirements Of The Federal Tort Claims Act, Thus The District Court Would Not Possess Jurisdiction To Entertain The Claim for Professional Negligence

The Court properly dismissed the tort claim for "professional negligence" (Count III) in Rick's amended complaint based upon a lack of subject matter jurisdiction, as the Tucker Act explicitly limits this Court's jurisdiction to cases "not sounding in tort." 28 U.S.C. § 1491(a)(1); Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997). Rick's now argues that the Court should have treated its professional negligence claim as a claim under the Federal Tort Claims Act, 28 U.S.C. § 2401(b), and transferred it to the United States District Court for the Eastern District of Pennsylvania. Pl. Br. at 7.[5]

Based on the applicable standard of review, Rick's must show that it would be subjected to manifest injustice should its professional negligence claim not be transferred to the Federal district court. Henderson County, 55 Fed. Cl. at 337. Accordingly, Rick's needed to have pleaded a prima facie claim against NRCS under the Federal Tort Claims Act in its amended complaint. Rick's has not meet this burden and, as a matter of law, cannot meet this burden.

Rick's argues that "all administrative exhaustion requirements have been satisfied" and the Court should transfer its professional negligence claim to the District Court. Pl. Br. at 3. This argument is completely misplaced, as Rick's confuses this Court's ruling as to administrative exhaustion under the Contracts Dispute Act (CDA)

---

[5] Contrary to Rick's assertion in its motion, the Court did not state that a viable claim for professional negligence had been averred. Opinion at 7. Further, Rick's completely mis-characterizes the Court's verbiage on page 11 of the Opinion. See Pl. Br. at 3. The Court was simply summarizing Rick's allegations in support of Count I. Opinion at 11. The Court was not making its own finding or legal holding as to NRCS's design.

with the administrative exhaustion under the Federal Tort Claims Act, a key distinction that nullifies Rick's argument. In its April 10, 2007 Opinion, this Court only addressed administrative exhaustion under the CDA. Opinion at 6.

1. Rick's Has Not Exhausted the Administrative Pre-requisites To Bring A Claim Under The Federal Tort Claims Act

The Federal Tort Claims Act specifically provides that an action

> shall not be instituted upon a claim against the United States for money damages for injury or loss of property...caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal Agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail

28 U.S.C. § 2675(a) (emphasis added). This requirement "is jurisdictional and cannot be waived." Roma v. United States, 344 F.3d 352, 362 (3rd Cir. 2003).

Rick's amended complaint does not set forth any averments that it satisfied the exhaustion requirements of the Federal Tort Claims Act. In fact, Rick's could not even make a good faith averment that it satisfied these requirements because the USDA has never received from Rick's, or its duly authorized agent or representative, an executed Standard Form 95 – Claim for Damage, Injury, or Death, or any other written notification of a claim for money damages in a sum certain arising out of the circumstances set forth in the suit at bar. See Declaration of Betty Ollila, attached hereto as Exhibit B. Without first having filed an administrative tort claim for damages, Rick's is expressly barred from advancing its claim for professional negligence in the Federal district court.

2. Rick's Claim Is Untimely Under The Federal Tort Claims Act

Further, Rick's is also time-barred from filing such a claim. The Federal Tort Claims Act specifically provides that a tort claim brought against the Federal Government must be brought "within two years after such claim accrues . . ." 28 U.S.C. § 2401(b). The question of when a claim accrues under the Federal Tort Claims Act is one of Federal law. Warminster Tp. Mun. Authority v. United States, 903 F.Supp. 847, 850 (E.D. Pa. 1995) (citing Zeleznik v. United States, 770 F.2d 20, 22 (3rd Cir. 1985), cert. denied, 475 U.S. 1108 (1986)). In general, a tort claim accrues on the date of the last event necessary to complete the tort. Id. If the injury is latent, however, the claim accrues on the date on which the plaintiff discovers or should have discovered the injury. Zeleznik, 770 F.2d at 22 (citing Urie v. Thompson, 337 U.S. 163 (1949)); see Tri-County Business Campus Joint Venture v. Clow Corp., 792 F.Supp. 984, 995 (E.D. Pa.1992).

Applying the law to the facts at hand, Rick's should have "discovered" the Government's potential liability on July 26, 2001, the date upon which the Reynolds' filed their complaint against Rick's in the United States District Court for the Eastern District of Pennsylvania, alleging violations of numerous environmental laws as a result of Rick's operation of its Spent Mushroom Substrate facility. Consequently, Rick's cause of action against the Government accrued on that same date and by operation of the two-year statute of limitations under 28 U.S.C. § 2401(b), expired on July 26, 2003. Accordingly, Rick's professional negligence claim is time-barred.

Rick's has not identified any manifest injustice resulting from the Court's April 10, 2007 order, and has therefore not established any basis to support its request for

reconsideration.

**CONCLUSION**

For these reasons, we respectfully request that the Court deny plaintiff's motion to reconsider.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

OF COUNSEL:

TROY MOUER
Attorney
Office of General Counsel
U.S. Department of Agriculture
P.O. Box 1134
Harrisburg, Pennsylvania 17108

/s Joan M. Stentiford
JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L St., N.W., 8th floor
Washington, D.C. 20530
Tel: (202) 616-0341
Fax: (202) 514-8624
Attorneys for Defendant

May 8, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of May, 2007, a copy of the foregoing "DEFENDANT'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Joan M. Stentiford