**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| RICK'S MUSHROOM SERVICE, INC.<br>1007-1013 Newark Road<br>P.O. Box 416<br>Avondale, PA 19311<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, acting through the<br>UNITED STATES DEPARTMENT OF AGRICULTURE NATURAL RESOURCE CONSERVATION SERVICE<br>United States Department of Agriculture<br>Washington, DC 20250<br><br>Defendant. | Case No. 06 255C |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO RECONSIDER, AMEND AND/OR CLARIFY THIS COURT'S ORDER OF APRIL 10, 2007**

Plaintiff, Rick's Mushroom Service, Inc., by its undersigned counsel, respectfully submits this Memorandum of Law in further support of its Motion to Reconsider, Amend and/or Clarify this Court's Order of April 10, 2007.

Rick's will keep this reply short. As the Court will see, the Government's position continues to be a moving target. Indeed, in each briefing in this case, the Government has changed its position to the point where the Anti-Deficiency Act argument, one made first with

any emphasis in a supplemental brief, has become its lead argument after its initial lead argument, that the Spearin Doctrine has not be implicated, was thoroughly rejected by this Court. With respect to the Anti-Deficiency Act argument, the Government stands the record on its head. On page 4 of its brief, the Government refers to a December 23, 2005 letter "that the Government previously furnished in the record." That letter **in no way** reflects a funding cap that was in effect in 1997. Moreover, the letter is a self-serving argument made by the NRCS' counsel - - **it is not evidence.** As noted in Rick's main brief, the <u>only</u> evidence of record on this issue was Peter Vanderstappen's testimony that there had been $500,000 - $700,000 <u>per year</u> allocated to the White and Red Clay Creek Project. The expenditure as to Rick's was only $200,000. Thus, as the record stands, there was as much as $500,000 in unallocated funds **in 1997 alone**. If the Government wishes to make a record on exhaustion of allocated funds, it is its burden to do so by way of <u>evidence</u>, not hearsay and innuendo. To throw out Rick's claims, which this Court found to be <u>prima facie</u> meritorious, on the technical grounds of the Anti-Deficiency Act, the Government must do far better than rely on a self-serving letter 10 years later. Since this Court has held that Rick's satisfied its burden to come forward with a prima facie case of subject matter jurisdiction, **it is the Government's burden to rebut that prima facie with evidence.** Absent an evidentiary hearing, all factual conflicts are resolved in favor of the party seeking to invoke jurisdiction and all the proponent of jurisdiction need do is come forward with a <u>prima facie</u> case. <u>Case v. ANPAC Louisiana Ins. Co.,</u> 466 F.Supp.2d 781,795 (E.D.La. 2006). Here, this Court has held that Rick's satisfied its burden to show that there was an implied in fact contract based on the <u>Spearin</u> Doctrine. The Court, however, decided that that jurisdiction was eviscerated by the effect of the Anti-Deficiency Act. However, there is

not an iota of evidence to support that conclusion. The fact that the Government has to turn to a self-serving letter nine years after the fact reflects the utter weakness of this argument. Simply because there were no funds in the budget (assuming that letter reflected fact rather than a lawyer's position) to remedy the problem in 2006 - has nothing to do with the situation in 1997. To the contrary, Rick's showed in its initial presentation to this Court that there was a well funded program consisting of millions of dollars ($500 - $700,000 per year) for agricultural pollution control facilities in the watershed at issue. At a minimum, this Court should permit full discovery on that issue as the record simply is insufficient for a factual finding to have been made that there was an unfunded budget for indemnification. The December, 2005 letter was not a ruling on a request but rather, mere argument by the Government's counsel.[1] It should not be considered, but even if it is, it is not evidentiary proof that the Anti-Deficiency Act should apply in this case to defeat what otherwise is a *prima facie* case for subject matter jurisdiction.

With respect to the Tort Claims Act issue, contrary to the argument by the Government, this Court did not "properly dismiss the tort claim for professional negligence." It simply did not address that issue in its decision. As the Court did recognize at oral argument, it had the right to transfer claims for which it did not have subject matter jurisdiction to a Court with such jurisdiction. The Government concedes that the United States District Court for the Eastern District of Pennsylvania has jurisdiction over a Tort Claims Act case. Accordingly, the Government makes two frivolous arguments - - first, that administrative exhaustion

[1] Once again, the Government insists on its right to trick a party with which it has contractual relations by offering a right to appeal and then claiming that administrative remedies should have been pursued. This, in and of itself, should require that this Court stay this action while administrative remedies are completed, to the extent that the exhaustion of administrative remedies is an issue.

requirements have not been satisfied and second that a Tort Claims Act cause of action is barred by the statute of limitations. As to the first point, this Court could not have made it clearer in its decision that administrative remedies had been exhausted either by fact or implication. Secondly, to the extent that the statute of limitations has expired, that is a compelling reason to transfer the action rather than dismiss it, where the statute of limitations would run. While this Court, if it lacks subject matter jurisdiction, cannot make a factual ruling on the statute of limitations, the suggestion the statute would have run from the date Rick's was sued is without any merit. Rick's defended the claim against it vigorously in the Eastern District and was only found to have violated the law by an Injunction Order in 2005. This claim was brought within two years of that date and clearly, the Tort Claims Act claim is timely. However, should the Court dismiss this action without transferring it, the statute of limitations may well run. Under the established precedent set forth in Rick's prior briefing, it is clear that the Court in its discretion should transfer rather than dismiss where the statute of limitations will be implicated. Here, the Government has acknowledged that that would be the case. Accordingly, to the extent that this Court does not reverse its ruling under the Anti-Deficiency Act, it should transfer the Tort Claims Act claim to the Eastern District of Pennsylvania, where the Government may make its arguments on the merits. Those arguments are misplaced in this Court.

For all the reasons set forth herein and in Rick's prior briefings, it is respectfully submitted that the Court should reconsider its decision and amend its Order.

Respectfully submitted,

**WILENTZ, GOLDMAN & SPITZER, P.A.**

Date: May 18, 2007

BY: /s/ Jonathan J. Bart
Jonathan J. Bart, Esquire
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

JONATHAN J. BART, ESQUIRE, hereby certifies that he did cause a copy of foregoing pleading to be served on the following parties as directed by the Notice of Electronic Filing:

Troy B. Mouer, Esquire
Office of the General Counsel
U.S. Department of Agriculture
P.O. Box 1134
Harrisburg, PA 17108

Joan M. Stentiford, Esquire
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L. St., N.W., 8th Floor
Washington, DC 20530

Date: May 18, 2007

BY: /s/ Jonathan J. Bart
Jonathan J. Bart, Esquire